ELISHA MARKS *versus* NICHOLAS GRAY.

In an action for malicious prosecution, the question whether the circumstances of a particular case afford to the accuser, a *probable cause* for making the accusation, is a question of *law* which arises from the facts established in evidence.

A. brought an action of trespass against B. and others. "Neither party" was entered, by agreement, in the suit, on payment by defendants of a certain

Marks *v.* Gray.

sum of money. B. then commenced a suit against A. for malicious prosecution : — *Held,* that B. under these circumstances, could not contend that A. had not *probable cause* for his suit, and that a nonsuit must be entered.

On REPORT from *Nisi Prius,* HATHAWAY, J., presiding.

This was an action for malicious prosecution. Plea, the general issue, with brief statement.

The alleged malicious prosecution, was a suit commenced by the defendant against the plaintiff in this case, and others, for trespass, which was settled at a subsequent term of the Court, as appears by the agreement signed by C. J. Abbott and B. W. Hinckley, attorneys for the parties. The agreement was performed by the parties, and "N. P." entered on the docket.

The plaintiff offered testimony to prove that said action was without probable cause, and malicious; that he was made a party in the trespass suit in order to prevent his being a witness; and that he suffered damage thereby.

Whereupon the defendant moved for a nonsuit, and by consent of parties, the case was taken from the jury and submitted to the whole Court. If, upon the facts presented and the testimony offered, the action could be legally maintained, it was to stand for trial, otherwise a nonsuit was to be entered.

*B. W. Hinckley,* for plaintiff.

1. The entry of "neither party" has no effect beyond the taxable cost in the action, and does not preclude the plaintiff from commencing another action for the same cause.

2. To maintain this action, it is not necessary there should have been a judgment in the defendant's favor, nor a trial in the prosecution complained of. Espinasse, N. P. 527; *Martin* v. *Lincoln,* Bell's N. P. 23 ; 2 Greenl. Ev. § 452, and cases cited ; *Pierce* v. *Thompson,* 6 Pick. 193 ; *Clark* v. *Cleveland,* 6 Hill, 344 ; *Burnham* v. *Sanford,* 19 Wendall, 417.

3. This action is maintainable for other injuries than malicious arrests, or excessive attachments of property. Espinasse, N. P. 527, 528 ; 2 Greenl. Ev. § 449, and whole title Mal.

Pros.   And it is not necessary to prove an arrest.   *Stepp* v. *Partlow*, Dudley, (Geo.) 176.

4. To give evidence in a court of law is a personal right incident to every citizen, who has not been convicted of crime; and any malicious act by which he is deprived of it, is an injury for which he should have redress by action.

5. The prosecution complained of was an abuse of legal process for which the plaintiff should maintain his action. 2 Dane's Abr. 726.

*C. J. Abbott*, for defendant.

1. The prosecution complained of, having been a civil action in which there was no arrest of the body nor attachment of property, and no other special damage alleged and offered to be proved, no damage other than that ordinarily arising in civil actions, and for which the law provides what it considers proper indemnity in the way of costs, this action cannot be maintained.   Oliver's American Prec. 368; *Preston* v. *Hosmer*, 1 Bos. & Pul. 205; 1 Salkeld, 14; 2 Chitty on Plead. 241, note; 2 Phil. on Ev. 116, note; *Vanduzer* v. *Lenderman*, 10 Johns. 106; *Sinclair* v. *Eldred*, 4 Taunt. 9; 2 Starkie on Ev. 917, note; *Potts* v. *Imlay*, 1 South. 330.

2. The alleged malicious prosecution having been adjusted by the parties, and this plaintiff having allowed in the settlement the damages for which that action was brought, and agreed .to the entry of "neither party," conclusive proof of probable cause is thus furnished.   *Savage* v. *Brewer*, 16 Pick. 453.

3. The present plaintiff, having voluntarily adjusted the defendant's action against him, on the terms set forth in the agreement of the parties, and those terms having been fulfilled by defendant on his part, is estopped from maintaining this action.

TENNEY, C. J. — The action of Nicholas Gray against George Snow, David M. Hooper and Elisha Marks, was trespass for a breach of the close, and cutting and carrying away the grass growing thereon.   The defendants pleaded jointly

the general issue, and filed a brief statement alleging that the seizin and possession of the land was in Snow, and that Marks had a license from Gray. From the writ, pleadings and agreement, signed by the attorneys for the parties in that action, we infer that the alleged trespass was upon land on which Snow had attempted to levy an execution in his favor against one Albion P. Gray.

The basis of this suit is alleged to be, that Marks, the plaintiff therein, was made a party defendant, in the other action above referred to, for the purpose of preventing him from being a witness in the trial of the same.

The settlement of that action, by the agreement, must be treated as made by all the parties thereto; and the defendants in the same, consent to the payment of the sum of eight dollars for the hay claimed by the defendant Gray.

Whether the circumstances of a particular case, afford to the accuser a *probable cause* for making the accusation, is a question of *law*, which arises upon the facts established in evidence. 2 Stark. Ev. 912.

When the defendants in the original action so far admitted the charge in the writ as to agree to allow, in the settlement, a certain sum on account of the trespass, and the action was disposed of according to that settlement, it cannot with propriety be contended by them that there was a want of probable cause.                    *Plaintiff nonsuit.*

RICE, APPLETON and GOODENOW, J. J., concurred.