# JOSHUA EMERY
## V.
# MARY GINNAN.

*Malicious Prosecution—Malicious Use and Abuse of Process—Distinction
—Term—Motion of Original Proceeding—Probable Cause—Compromise or
Settlement—Waiver—Estoppel—Instructions.*

1. There is a distinction between an action for a malicious abuse and a malicious use of civil process, such distinction having reference to the termination of the action in which the process issued.

2. Where there is a just claim in suit, and civil process is maliciously used to arrest the defendant, in order to recover for such malicious use of legal process, it is necessary to prove that it was malicious and without probable cause and that the suit or proceeding was finally determined before action was brought for the injury.

3. The termination of the suit or proceeding must be such as does not admit a reasonable cause for prosecution. A termination by compromise or settlement between the parties is such an admission of probable cause by the defendant as will estop him from its subsequent denial.

4. In the case presented, it is *held:* That an instruction, which attempts to enumerate all the elements necessary to sustain plaintiff's cause of action, is fatally defective, because it ignores and excludes from the consideration of the jury certain evidence tending to show a dismissal of the original proceeding as the result of a settlement between the parties; and that another instruction was improperly amended by the court so as to make one part conflict with the other.

[Opinion filed November 23, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

The declaration in this action was for maliciously, and without probable cause and by means of a false affidavit, procuring a writ of *capias* to be issued by Justice of the Peace, and the plaintiff to be arrested by a Constable, and while so under arrest by threats and imprisonment, extorting from plaintiff's possession a certain warehouse receipt for certain goods, and wrongfully compelling plaintiff to indorse said warehouse

receipt to the defendants, by means whereof defendants obtained and took possession of certain goods of plaintiff of the value of $285.

That thereupon said Constable, at the instance of defendants, discharged and set at liberty the plaintiff, and afterward procured said writ of *capias*, and the suit in which the same was issued, to be dismissed at their costs. The affidavit, which was alleged to be false, was as follows:

STATE OF ILLINOIS }
COUNTY OF COOK. } ·ss.

Joshua Emery, being first duly sworn, says that he is about, on behalf of John J. Henry, George E. Hatch and himself, composing the firm of Henry, Hatch & Emery, of Chicago, Cook County, Illinois, to commence an action of assumpsit before D. J. Lyon, Esq., Justice of the Peace in and for said Cook County, against Mrs. J. L. Ginnan of said county; that the said Mrs. J. L. Ginnan is justly indebted to said Henry, Hatch & Emery, composed as aforesaid, in the sum of $184.25, for boots and shoes heretofore sold by said Henry, Hatch & Emery to said Ginnan; that heretofore, to-wit, on the 26th day of May, 1884, said Ginnan was running a store at No. 111 Blue Island Avenue, in said City of Chicago, and had therein a large stock of boots and shoes of large value, a portion of which was the same property so sold to her as above set forth; that on the said last mentioned date said Ginnan secretly removed said stock of goods to some place unknown to this affiant, and that the agents of said affiant had made diligent search for the same, but had been unable to find them. Affiant further states that said Ginnan has removed her residence to a house on School Street in said city, and that the clerk of affiant has called there and made effort to see said Ginnan, but she has concealed herself and refused to respond to requests to see her in reference to said account, as affiant is informed and believes. And affiant states that said Ginnan has concealed, removed, assigned and disposed of her said property with intent to defraud said firm and her other creditors. And this affiant further states that he fully believes the benefit of whatever judgment said Henry,

Hatch & Emery may obtain in this behalf, will be in danger of being lost unless said Ginnan be held to bail.

(Signed)    JOSHUA EMERY.

It was admitted on the trial by plaintiff that at the time of the commencement of the suit before the Justice she was indebted to the plaintiffs in said suit in about the sum of $85, as near as she could tell, but she denied that she had in any manner concealed herself or removed or concealed her goods with intent to defraud said firm.

Defendants offered evidence tending to show that after she was arrested on the *capias* by the Constable, she requested to be taken to the store of defendants, and that when brought there the Constable said to defendants in her presence that she wanted to settle with them; that thereupon there were some negotiations, and she presented a warehouse receipt and said it was all she had to show; that she had borrowed $50 on the goods; that thereupon plaintiff and a Mr. Duffield, the clerk of defendants, and the Constable, went with plaintiff to the warehouse where the goods were stored, and that Duffield, acting for defendants, said that to avoid all trouble they would pay the money that had been borrowed on the goods, and take the goods if she would turn them over. That thereupon plaintiff signed the book and authorized the warehouseman to deliver the goods to defendants, and then plaintiff went home. Plaintiff claimed she did not settle, but turned over the goods to defendants, and expected that when they sold them they would give her some account of them.

Defendants claimed they took the goods in settlement of the claim for which they had brought suit, and after the settlement dismissed the suit, and that the goods were not of sufficient value to pay the amount of their bill against plaintiff.

There was a verdict and judgment against defendants for $1,500.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellant.

The plaintiff must prove both a want of probable cause and malice to recover; and if the defendant shows either probable cause or good faith, the action will not lie. Jacks v. Stim-

son, 13 Ill. 701; Barrett v. Spaids, 70 Ill. 408; Leidig v. Rawson, 1 Scam. 272; Splane v. Byrne, 9 Ill. App. 392; Commisky v. Breen, 7 Ill. App. 369.

The plaintiff has admitted that there was probable cause by settling the demand. Cooley on Torts, 186; Hurd v. Shaw, 20 Ill. 354; Barrett v. Spaids, 70 Ill. 408; Sartwell v. Parker, 5 N. E. Rep. 807; Jones v. Given, Gilbert's Cases, 185; Clark v. Everett, 2 Grant, 416; Mayer v. Walker, 64 Pa. St. 287.

Messrs. GEORGE W. BRANDT and ELI B. FELSENTHAL, for appellee.

MORAN, P. J.   There is a distinction recognized and established by the authorities between an action for a malicious abuse of legal process, and a malicious use of legal process.

Where the action is for abuse of process it is not necessary to prove that the action in which the process issued has been determined, or to aver that it was sued out without reasonable or probable cause.   Granger v. Hill, 4 Bing. (N. C.) 212.

But where there is just claim in suit, and civil process is maliciously used to arrest the defendant when no probable cause for such arrest exists, it is necessary in order to recover for such malicious use of legal process to prove that it was malicious and without probable cause, and also that the suit or proceeding was finally determined before action brought for the injury.   Mayer v. Walter, 64 Pa. St. 283.

This case, while it is called by appellee's counsel an action for abuse of legal process, is in the frame of the declaration, and in the theory on which it was tried in the court below, an action for malicious use of civil process.   Appellee alleged in her declaration and sought to prove on the trial, that the *capias* was sued out maliciously and without probable cause, and that the prosecution was terminated before she commenced this action.

To establish that the prosecution was so legally terminated as to permit the maintenance of this action, it was not necessary for appellee to show that the merits had been determined in her favor; it was sufficient to show the voluntary dismissal

or abandonment of the prosecution by plaintiff in the action or proceeding. But where the proceeding is dismissed or abandoned by the procurement of the party prosecuted by settlement or compromise with the prosecutor or plaintiff in the action, it is not, it seems, such a termination of the proceeding as that a suit for malicious prosecution can be maintained.

The termination must be such as does not admit a reasonable cause for prosecution. If the prosecution should end with a judgment adverse to the party prosecuted criminally, or arrested in a civil suit, it would establish not only that there was probable cause but that there was actual cause for the proceeding, and where the termination of the case is brought about by a compromise or settling between the parties, understandingly entered into, it is such an admission that there was probable cause that the plaintiff can not afterward retract it and try the question, which by settling he waived.

" If he settled the demand understandingly and voluntarily, he is estopped from denying that the defendant had probable cause for bringing the suit. If he would contest the claim, he should have protested against his liability. If a party is silent when self-interest commands him to speak, he will not be permitted to speak when public policy commands him to keep silent." Morton v. Young, 55 Me. 27.

So in McCormick v. Sisson, 7 Cow. 715, where the plaintiff had been arrested on a charge of theft but during the examination before the Justice the matter was settled and the proceeding was dropped, the court held that the proceeding, having ended in consequence of a settlement and not by an acquittal, was fatal to the action for malicious prosecution. And in Clark v. Everett, 2 Grant's Cases, 416, where one was arrested on a debt not due but compromised the matter and paid the money, and was discharged from the debt and the action, it was held that he was precluded from maintaining an action for maliciously bringing the suit before the debt was due. Judge Cooley in his work on Torts, 186, in discussing what is an end of the proceeding, says: "It is not enough that the parties in a case which they might lawfully settle, have effected a compromise and thereby terminated it."

This is substantially the view taken in every case we have been able to find where the question has been presented. Hamilburg v. Shepard, 119 Mass. 30; Marks v. Gray, 42 Me. 86; Rounds v. Humes, 7 R. I. 535; Brown v. Randall, 36 Conn. 56; Sartwell v. Parker, 141 Mass. 405.

There was in this case a conflict of evidence on the question as to whether there was a settlement between plaintiff and defendants. Plaintiff's contention was that her goods were extorted from her by threats and duress, and that she did not settle, and defendants introduced evidence to show that there was a settlement and that the goods were turned over by plaintiff to them in payment of the debt, and thereupon plaintiff was discharged from arrest and the suit against her dismissed. In this condition of the evidence the court gave to the jury at the instance of plaintiff the following instruction:

" Third. If the jury believe from the evidence that the defendant maliciously and without probable cause procured the plaintiff to be arrested and treated as charged in the declaration, and that the suit in which said plaintiff was arrested was dismissed, and the prosecution against the plaintiff ended before this suit was brought, then the jury are instructed that they should find the defendant guilty, and assess the plaintiff's damages, and in such case the jury may give exemplary damages, and such as under all the circumstances appearing in evidence, the jury shall deem just."

This instruction attempts to enumerate all the elements necessary to sustain plaintiff's cause of action. It purports to cover the whole case, yet it ignores and excludes from the consideration of the jury the evidence tending to show that the prosecution was dismissed because of the settlement between the parties. It was for the jury to determine whether the dismissal of the proceeding was brought about by a compromise or settlement between the parties, and it was error to instruct them that if they found the suit against plaintiff was dismissed and the prosecution ended before this suit was brought, they might find defendants guilty. The instruction would be correct if there was no evidence to show that the

Emery v. Ginnan.

suit was settled, but there being evidence before the jury tending to prove a fact having an important bearing on the law of the case, the instruction was partial and incomplete without a hypothesis negativing the conclusion which such evidence tended to establish. Chicago Packing & Provision Co. v. Tilton, 87 Ill. 547.

The court modified one of defendants' instructions so that as given to the jury it read as follows, the modification by the court being in italics:

" The court instructs the jury, that the plaintiff having dismissed her count in the declaration for conspiracy, the only issue remaining is that in relation to malicious prosecution, and the jury are instructed that in an action of malicious prosecution it is incumbent on the plaintiff to prove by the preponderance of evidence that the suing out of the writ complained of was procured by the defendant maliciously and without probable cause. Both of those elements must co-exist, otherwise the action can not be sustained. *So if you believe from the evidence that the defendant had probable cause and instituted the proceedings against the plaintiff and caused said writ to be issued in good faith and without malice,* then you must find defendant not guilty."

The first part of the instruction states the law correctly, the latter part erroneously. One part is in conflict with the other. It is impossible to determine which part of the instruction the jury followed. The lack of harmony between the rules stated in the instruction tended to mislead, and in such case, unless we can clearly see that the error could not have operated injuriously, we must reverse. C., B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; Quinn v. Donovan, 85 Ill. 194.

For the errors indicated, the judgment of the Superior Court will be reversed and the case remanded.

*Reversed and remanded.*