## WILLIAMS v. McCLELLAN et al.

(Supreme Court, Special Term, Westchester County. June 20, 1908.)

1. CONSPIRACY—CIVIL LIABILITY—CONSPIRACY TO COMMIT PERJURY.

Since an action at law does not lie to recover damages for perjury committed in a former case in which plaintiff might have been interested, an action for damages for conspiracy to commit perjury and for the giving of false testimony cannot be maintained.

2. SAME—COMPLAINT—SUFFICIENCY.

A complaint in an action for damages because of perjury committed by defendants pursuant to a conspiracy to commit perjury, which alleges that plaintiff's action was dismissed, and that by reason thereof he lost irrecoverably all his interest in certain real estate, and which fails to allege that plaintiff had no other witnesses or any other method to establish his alleged cause of action, is bad for failing to aver facts showing that plaintiff sustained any damage by reason of defendants' acts; the allegation being, at best, a mere conclusion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Conspiracy, § 19 ]

Action by Duncombe D. Williams against Clarence S. McClellan and another. Heard on demurrer to the complaint. Sustained.

Stuart G. Gibboney, for plaintiff.
Odell D. Tompkins, for defendant McClellan.

TOMPKINS, J. This is a demurrer by the defendant McClellan to the complaint, on the ground that it fails to state facts sufficient to constitute a cause of action. The action is to recover $60,000 damages alleged to have been suffered because of alleged perjury committed by the defendants pursuant to a conspiracy between them, in an action in which the plaintiff herein was the plaintiff, and Naomi Duncombe Ring and others were the defendants. The substance of the allegations of the complaint is that the plaintiff, relying upon certain statements made to him by the defendants concerning the execution of an, alleged will by one Alfred H. Duncombe, and the fraudulent character of certain deeds made by the said Duncombe to the said Naomi Duncombe Ring, the plaintiff herein had brought an action in the Supreme Court of this state against the said Naomi Duncombe Ring and others for the purpose of establishing the said alleged last will and testament of the said Alfred H. Duncombe, and to set aside the said alleged fraudulent deeds, and that the defendants had agreed to testify to certain facts, which, if true, would have established the plaintiff's cause of action, and that relying upon such statements and promises, commenced said action, and that, when said action was about to be tried, these defendants entered into a conspiracy whereby they agreed with each other that they would not give the evidence as it was alleged they had stated it to the plaintiff, but would deprive the plaintiff of the benefit of their said evidence by making other statements, and thereby cause the plaintiff to fail in said action, and that at the trial of said action the defendant did, in pursuance of the said conspiracy, refuse to testify to the facts as they had stated them to the plaintiff, and falsely testify to the contrary thereof, and that in consequence of said conspiracy and the carrying out of the same by the defendants upon the witness stand in said action the plaintiff's action was dismissed, and final judgment against him entered, and that by reason thereof the plaintiff was damaged to the extent of $60,000.

It is the well-settled law that an action at law will not lie to recover damages for perjury alleged to have been committed in a former case in which the plaintiff might have been interested. Young v. Leach, 27 App. Div. 293, 50 N. Y. Supp. 670, and cases cited. And it must follow that an action such as this, which is to recover damages for an alleged conspiracy by the defendants to commit perjury, as well as for the giving of the alleged false testimony, cannot be maintained. It cannot be that a conspiracy to do a thing is actionable where the thing itself would not be.

For another reason, I think the demurrer should be sustained. The complaint fails to allege facts showing that the plaintiff sustained any damage by reason of the defendants' acts. The tenth allegation of the complaint alleges that, in consequence of said conspiracy, the plaintiff's action was dismissed, and, by reason thereof, the plaintiff lost irrecoverably all his interest in his said grandfather's estate, and has sustained damage to the extent of $60,000. These, at the best, are

mere conclusions. It must be assumed that the complaint was dismissed, because the plaintiff failed to make out a case, which might have been accomplished, had the plaintiff a good cause of action by other proofs. It does not appear in the complaint that the plaintiff had no other witnesses, or any other method of establishing his alleged cause of action, nor does it appear by the complaint that no other witnesses were called and examined on the plaintiff's part at the trial. It may be, so far as we can know from the complaint, that other witnesses gave testimony, as a result of which the plaintiff's complaint was dismissed.

The demurrer is sustained, with costs.