392    APPELLATE COURTS OF ILLINOIS.

Ruehl Bros. Brew. Co. v. Atlas Brew. Co., 187 Ill. App. 392.

## Ruehl Brothers Brewing Company, Plaintiff in Error, v. Atlas Brewing Company, Defendant in Error.

### Gen. No. 18,613.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim may be stricken.* The Municipal Court has properly abolished by its rules demurrers to pleadings in actions of the fourth class, but it has provided by its rules that when it appears from the statement of claim that the cause of action relied upon is unfounded, the court may order it stricken out and the action dismissed or such judgment entered as may be just.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*sufficiency of statement of claim.* Section 40 of the Municipal Court Act, J. & A. ¶ 3352, requires a plaintiff by his statement of claim to reveal the nature of an alleged real case, and is not complied with by filing a statement showing he has no case at all.

3. MALICIOUS PROSECUTION, § 1*—*elements necessary to support action for.* As a general rule to support an action for malicious prosecution plaintiff must establish three things: (1) The fact of the alleged prosecution, and that it was legally terminated in the plaintiff's favor by dismissal or otherwise; (2) that the defendant had no probable cause for instituting the proceedings; and (3) that defendant acted from malicious motives.

4. MALICIOUS PROSECUTION, § 31*—*sufficiency of termination of prosecution to support action.* A statement of claim shows no right of action for malicious prosecution, where it discloses that the suit was terminated in the defendant's favor by plaintiff's voluntary agreement.

5. PROCESS, § 100*—*what constitutes an abuse of process.* The mere institution of civil suits, though groundless and malicious, does not constitute a malicious abuse of process; such action lies for the improper use of process after it has been issued but not for maliciously causing process to be issued.

6. PROCESS, § 100*—*elements necessary to sustain action for malicious abuse of process.* Two elements are necessary to sustain an action for malicious abuse of process: First, the existence of an ulterior purpose; and, second, an act in the use of the process not proper in the regular prosecution of the proceeding.

7. FRAUD, § 58*—*when action for fraud and deceit will not lie.* Where a party voluntarily releases the levy of his execution in consideration that another will dismiss a suit for the trial of the right of property, the judgment of dismissal constitutes a *res adjudicata*, and the party releasing the levy cannot maintain an action

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CHICAGO—FIRST DISTRICT—JUNE, 1914.    393

Ruehl Bros. Brew. Co. v. Atlas Brew. Co., 187 Ill. App. 392.

against the other for fraud and deceit for the reason that the latter fraudulently represented that he had an interest in the property.

8. ACTION, § 6*—*right of action for false testimony or statements in judicial proceedings.* No action can be maintained on account of the false testimony of witnesses, or of a false statement filed in a judicial proceeding.

Error to the Municipal Court of Chicago; the Hon. HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed June 24, 1914.

BRYAN, DUVAL, MCCORMICK & WILBER, for plaintiff in error.

DAVID & ZILLMAN, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

This is an action of the fourth class in which, on motion of defendant in error's counsel, the court struck the amended statement of claim and affidavit from the record, and dismissed the suit with judgment for costs against plaintiff in error, Ruehl Brothers Brewing Company.

The amended statement of claim is, in substance, that on April 10, 1911, plaintiff in error recovered a judgment in said court against one Edward Upton for $481 and costs, and caused an execution thereon to be delivered to the proper officer and levied on certain chattels of said Upton of the value of $800 to satisfy its judgment; that defendant in error, contriving to injure and oppress plaintiff in error, falsely and maliciously and without any reasonable or probable cause commenced an action of "trial of the right of property" against plaintiff in error and said officer, by filing a statement of claim, verified by the oath of Otto J. Kralovec as its agent, whereby it asserted and claimed to be the owner of said chattels so levied on by virtue of a certain chattel mortgage duly recorded in Cook county, September 9, 1910, in which said Upton

---

*See **Illinois Notes Digest, Vols XI to XV**, and **Cumulative Quarterly, same topic and section number.**

was mortgagor and J. A. Cervenka, mortgagee, and which mortgage was assigned by said mortgagee to defendant in error; that summons in said suit was duly served on plaintiff in error, although defendant in error then well knew it had no cause of action against plaintiff in error; that plaintiff in error believed and relied on the matters stated in said verified statement of claim, and, therefore, agreed to release its said levy if defendant in error would have its suit dismissed without costs, that defendant in error so agreed and by such an agreement said suit was so settled and dismissed, April 28, 1911; that in August, 1911, plaintiff in error learned that defendant in error was not the owner of said chattels by virtue of said mortgage, and that said mortgage was fully satisfied and paid at and before the bringing of said suit as defendant in error then well knew; that said suit was instituted to injure plaintiff in error and to cause it to release it said levy, and which it would not have done had it known defendant in error was not such owner.

Plaintiff in error further claims that it has an action for fraud and deceit by reason of the foregoing facts, after further alleging as a part of said false representations and conduct, that on the day said levy was made one Mr. Shalek, secretary of defendant in error, falsely and fraudulently stated to one Mr. Reuter, salesman of plaintiff in error, that defendant in error was the holder of said mortgage, and that if plaintiff in error did not want to get into trouble it should surrender said chattels, and to further induce plaintiff in error to release its said levy began said suit, well knowing said representations to be false; that plaintiff in error was not then able to learn the real facts concerning the ownership or interest of defendant in error in said chattels and released its levy and its lien on said chattels; and that by reason of the insolvency of said Upton and of said release, plaintiff in error was unable to collect its said judgment, but

could have done so, except for said release caused by said fraudulent acts and conduct of defendant in error.

Plaintiff in error insists that its statement of claim is sufficiently clear to apprize the defendant in error that it is charging it with a malicious abuse of process, a malicious prosecution and with fraud and deceit; and that its statement is sufficient under the Municipal Court Act to require defendant in error to reply to the same in the manner provided in said act in actions of the fourth class.

The court did not base its judgment upon the ground that the statement of claim did not reasonably inform the defendant in error of the state of facts upon which plaintiff in error relied to maintain its suit, but upon the distinct ground that the ultimate facts therein disclosed clearly show that the alleged cause of action has no foundation in the law. The judgment of the court must stand if the ultimate facts do clearly and indisputably show that plaintiff in error cannot maintain any one of the three causes of action suggested, otherwise the judgment must be reversed.

While it is sufficient for the plaintiff in fourth-class actions in tort to make a brief statement of the nature of the tort and to state such information as will reasonably inform the defendant of the nature of the case he is called upon to defend, still, the said act does not warrant the conclusion that a plaintiff may proceed to a trial upon a statement of claim that really shows his action is unfounded. The act requires a plaintiff by his statement to reveal the nature of an alleged real case and is not complied with when he files a statement showing that he has no case at all. Municipal Court Act, sec. 40. (J. & A. ¶ 3352.)

The Municipal Court has properly abolished by its rules demurrers to pleadings in actions of the fourth class, but it at the same time has provided by its rules

that when it appears from the statement of claim that a plaintiff is relying on a cause of action that is clearly unfounded in law, the court may order the same stricken out and the action dismissed, or such judgment to be entered as may be just, and the rules are in full accord with the provisions of said act.

It is the general rule that to support an action for malicious prosecution the plaintiff must establish three things: (1) The fact of the alleged prosecution, and that it has legally terminated in the plaintiff's favor by dismissal or otherwise; (2) that the defendant had no probable cause for instituting the proceedings; and (3) that the defendant acted from malicious motives. Plaintiff in error's statement of claim positively discloses that by agreement of the parties its lien on the personal property in question by virtue of the levy of the execution thereon was released by it in consideration that defendant in error would dismiss its suit for trial of the right of property, and that the suit so compromised was accordingly dismissed. In this termination of the suit plaintiff in error recognized and virtually admitted a reasonable cause for the prosecution of the suit, and it cannot be now heard to insist that there was no reasonable or probable cause therefor. It was not a termination of the suit in favor of plaintiff in error, but by its voluntary agreement the litigation was terminated in defendant in error's favor, and that voluntary settlement was fatal to plaintiff in error's suit for malicious prosecution under the authorities. See *Emery v. Ginnan,* 24 Ill. App. 65, and the authorities there cited.

The statement of claim does not in express terms charge or otherwise make it to appear that this suit is based on a malicious abuse of process, but on the contrary the facts relied on show that there was no such abuse of process by defendant in error. Two elements are necessary to sustain this latter action: First, the existence of an ulterior purpose; and, second, an act in the use of the process not proper in

the regular prosecution of the proceeding. Regular and legitimate use of process, though with bad intentions, is not a malicious abuse of process. The mere institution of civil suits, though groundless and malicious, does not constitute a malicious abuse of process. That action lies for the improper use of process after it has been issued, but not for maliciously causing process to be issued. The most common form of such abuse is by working upon the fears of a person after having him arrested, for the purpose of extorting money, or other property, or of compelling him to sign some paper, to give up some claim, to pay a debt or to do some other like act desired by those who have control of the prosecution. *Bonney v. King,* 201 Ill. 47; *Jeffery v. Robbins,* 73 Ill. App. 353; *Emery v. Ginnan, supra.*

The object of the suit for the trial of the right of property was to have the court declare the title or right to the property in question in defendant in error, or to cause plaintiff in error to recognize that claim of title and to abandon its own claim. That very object was accomplished, and no other or different object was undertaken by defendant in error or by the officers of the law for it, either after the suit was instituted or before. The affidavit of defendant in error filed in the suit was appropriate to that action and in furtherance thereof, and, therefore, did not, whether true or false, furnish any basis for this claim for malicious abuse of process.

The claim for fraud and deceit cannot be sustained. It appears from the statement of claim that the suit for the trial of the right of property was settled and dismissed by the agreement of the parties to the suit, plaintiff in error agreeing to release the levy of its execution in consideration that defendant in error would dismiss the suit. A voluntary dismissal of a suit is not ordinarily final and conclusive of all matters which could have been tried in the cause upon the merits. But where the suit is settled by the par-

398    APPELLATE COURTS OF ILLINOIS.

Ruehl Bros. Brew. Co. v. Atlas Brew. Co., 187 Ill. App. 392.

ties, as in the suit here in question, and the suit is dismissed by agreement of the parties, the judgment of dismissal constitutes *res adjudicata* and is a defense to another action afterwards brought upon the same cause of action. A judgment of dismissal by agreement that does not disclose on its face that the matters in suit have been settled by the parties has the same conclusive effect by the weight of the authorities, unless otherwise provided in the judgment, and particularly in a collateral attack. 1 Freeman on Judgments (4th Ed.) sec. 262, and authorities there cited; *Clark v. Southern Can Co.*, 116 Md. 85, 36 L. R. A. (N. S.) 980 and cases cited and noted.

By voluntarily releasing its levy and consenting to the dismissal of the action of the trial of the right of property plaintiff in error is estopped from claiming any damages by reason of the alleged fraudulent conduct of defendant in error in that suit. By the weight of the authorities it is well established that no action can be maintained on account of the false testimony of witnesses, or of a false statement filed in a judicial proceeding. It is recognized by the authorities that there may be individual cases in which great injustice may be done by this rule of law. The weight of such an argument, however, is overcome in the opinion of the courts asserting the rule, by the mischief of retrying every case in which the judgment or decree rendered or secured on false testimony, or false affidavits, or on contracts or documents whose genuineness or validity was in issue and which may afterwards be ascertained to be forged or fraudulent. *Young v. Leach*, 27 App. Div. (N. Y.) 293; *Pico v. Cohn*, 91 Cal. 129; *Dunlap v. Glidden*, 31 Me. 435; *Stevens v. Rowe*, 59 N. H. 578; *Grove v. Brandenburg*, 7 Blackf. (Ind.) 234; *Abbott v. Bahr*, 3 Pinney (Wis.) 193; *Schaub v. O'Ferrall*, 116 Md. 131.

For the foregoing reasons we conclude that no one of the three causes of action suggested by plaintiff in

error can be maintained by it under its statement of claim, and the judgment is, therefore, affirmed.

*Affirmed.*