Arthur Hellstrom, Appellant, v. James McCollum, Appellee.

## Gen. No. 42,805.

Opinion filed December 13, 1944. Released for publication January 4, 1945.

BRAUN & BRODIE, of Chicago, for appellant; WILLIAM C. CLAUSEN, of Chicago, of counsel.

DONALD J. RIZZIO, of Chicago, for appellee; WILLIAM FRIEDMAN, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an appeal by Plaintiff Hellstrom from a judgment "as in the case of nonsuit" for Defendant McCollum upon the latter's motion to dismiss.

Plaintiff sued December 24, 1942 for damages to his automobile. McCollum filed his motion to dismiss, both parties through their attorneys filed counter affidavits and, after judgment, Hellstrom filed a motion, and affidavit, to vacate the judgment. From these pleadings it appears that on March 28, 1941 McCollum filed suit for damages to his car arising out of the same accident; that after McCollum's deposition was taken and Hellstrom's appearance and answer filed, the suit was compromised; and that a stipulation to dismiss was filed by the parties through their attorneys, and on November 7, 1941, the suit was dismissed pursuant to the stipulation. As a result of the compromise McCollum received $125 and executed a release.

The motion to dismiss was on the ground that the stipulation and dismissal in the prior case constituted a full and complete adjudication and an estoppel of record precluding Hellstrom's instant suit.

The question is whether the judgment dismissing McCollum's prior suit bars Hellstrom's instant suit.

Dismissal of a suit by agreement of the parties, making no decision on the merits, leaves the situation as though no suit had ever been brought. 27 C. J. S. 197. There was no adjudication of any issues between McCollum and Hellstrom. The court's judgment of dismissal in the prior case left the party resting upon their agreements. Whatever admissions are made or implied in the stipulation and release are proper for consideration by the court on a trial of the merits after issues are joined. There is no estoppel precluding plaintiff's action, for there was no prior adjudication. *Lucas v. Schwartz,* 243 Ill. App. 418. In *Ruehl Bros. Brewing Co. v. Atlas Brewing Co.,* 187 Ill. App. 392, relied on by McCollum, circumstances there justified the court's finding that the prior litigation was terminated in favor of the party relying on the judgment of dismissal. Under the circumstances in

the case before us, there could be no justification for any inference that the prior judgment of dismissal was a termination of McCollum's suit in his favor. This conclusion disposes of all questions necessarily involved in this appeal.

The judgment is reversed and the cause is remanded with directions to deny the motion to dismiss and for further proceedings not inconsistent with the findings herein.

*Reversed and remanded with directions.*

BURKE, P. J., and LUPE, J., concur.