The John Allan Company, a Corporation, Plaintiff-Appellant, v. Myrna Brandow, et al., Defendants-Appellees.

Gen. No. 64–53.

Third District.

May 13, 1965.

Allan L. Blair, of Chicago, and John A. McNamara, of Marseilles (Allan L. Blair, John A. McNamara, Bruce M. Buyer, of counsel), for plaintiff-appellant.

Joseph D. Carr, of Ottawa, for Myrna Brandow and Edward C. Brandow, defendants-appellees; Berry & O'Conor, of Ottawa, for Robert Carr, defendant-appellee; and Pool & Langer, of Ottawa, for Harry A. Funk, defendant-appellee.

ALLOY, P. J.

This is an appeal from an order of the Circuit Court of LaSalle County dismissing plaintiff's suit for failure to state a cause of action. Plaintiff The John Allan Company, a corporation, in its complaint charged substantially that defendants conspired to illegally deprive it of its property; that as part of the conspiracy, defendants committed perjury in a prior lawsuit, and it was alleged that the Judge in that suit found this was so. In the alternative plaintiff also claims that defendants are guilty of maintenance and champerty and malicious abuse of process.

The amended complaint which is the basis of the action contained three counts. Count I recites that the defendant Myrna Brandow owned certain property which thereafter was sold to Interstate Bond Company on a tax judgment sale and forfeiture, and that after extending the period of redemption said company duly served Myrna Brandow with notice. It is alleged that thereafter the County Court of LaSalle County entered an order directing the issuance of a tax deed to the company and that thereafter a tax deed was issued and, after a hearing, a Writ of Assistance put plaintiff in possession of the property. After the issuance of the Writ of Assistance, it was alleged that defendant Myrna Brandow either sold, leased or transferred the property to defendant Harry A. Funk,

and that thereafter the said defendant Funk was the equitable owner of any claim made in connection with obtaining the title back from plaintiff and not Myrna Brandow.

It is further alleged that for the purpose of assisting the defendant Funk to obtain the title, defendant Brandow, her husband, Robert Carr, an attorney, and said Harry A. Funk entered into a conspiracy to conceal from the court and from the plaintiff Funk's actual interest in the property; that in furtherance of said conspiracy a petition was filed in the name of the defendant Myrna Brandow with full knowledge of all the parties that the facts alleged therein were untrue; that after an appeal to the Supreme Court and a trial in the County Court, that defendants in furtherance of the conspiracy still proceeded to attempt to gain the title to the property away from plaintiff and filed affidavits and gave testimony in the County Court that they knew to be false.

The complaint further alleges that after a trial on the merits, the County Court of LaSalle County specifically held that the Brandows testified falsely and that many of the sweeping allegations made by their attorney in pleading were not understood by them. It was also alleged that in furtherance of the conspiracy the defendant Robert Carr proceeded to act as an attorney for Myrna Brandow when in fact he was acting on behalf of defendant Funk, and that he actively suborned perjury and knowingly and willfully prepared a false pleading. It is also alleged that defendant Funk in furtherance of the conspiracy advanced the costs of the trial. It was likewise alleged that in the event defendant Funk did not have an interest in the property then he would be guilty of maintenance and champerty. In another count it is contended that defendants Brandow and Robert Carr, the attorney, used the litigation as a subterfuge to

obtain that which they could not legally obtain, that is the title to the property in question, and that the use of the courts for such purpose was an abuse of process. Plaintiff then prays for damages and a body execution to enforce the judgment.

The trial court, after the filing of the motion to dismiss the complaint, found as to Count I that it was recognized that a civil action cannot be brought as against witnesses who give false testimony pursuant to a conspiracy and that various attempts have been made to sue for conspiracy to procure the giving of false testimony but that such efforts had not been met with success. The court cited the New York Supreme Court case of Williams v. McClellan, 59 Misc 620, 111 NYS 229, 230, in which the court stated: "It is well settled law that an action at law will not lie to recover damages for perjury alleged to have been committed in a former case in which plaintiff might have been interested . . . And it must follow that an action such as this, which is to recover damages for an alleged conspiracy by the defendants to commit perjury, as well as for the giving of false testimony cannot be maintained. *It cannot be that a conspiracy to do a thing is actionable where the thing itself would not be."*

As to Count II, the court points out that Illinois Revised Statutes, chapter 30, section 4, provides "Any person claiming right or title to lands . . . although he may be out of possession and notwithstanding there may be an adverse possession thereof may sell, convey and transfer his or her interest in and to the same in as full and complete a manner as if he were in the actual possession of the lands and premises intended to be conveyed; and the grantee *shall have the same right of action for the recovery thereof* and shall in all respects derive the same benefit as if the grantors had been in the actual possession at the time of

executing the conveyance." The court concluded that accordingly such conveyance would no longer be contrary to the policy of the law against maintenance. As to Count III, the court points out that the count does not aver either that the plaintiff was arrested or its property seized, citing Bonney v. King, 201 Ill 47, 51, 66 NE 377, and stated that mere institution of civil suits though groundless and malicious does not constitute malicious abuse of process; that an action for abuse of process will not lie unless there has been either an injury to the person or the property; and that there must be an actual seizure of the property of the plaintiff or an arrest of his person. The court thereupon dismissed the action.

 The gravamen of the charge against the defendants in Count I is that they have been guilty of perjury or have suborned or attempted to suborn perjury. The court properly concluded that such an action may not be maintained and is against public policy (Hocker v. Welti, 239 Ill App 392; Dean v. Kirkland, 301 Ill App 495, 23 NE2d 180). As stated by the court in Ruehl Bros. Brewing Co. v. Atlas Brewing Co., 187 Ill App 392, 398, ". . . no action can be maintained on account of the false testimony of witnesses, or of a false statement filed in a judicial proceeding. It is recognized by the authorities that there may be individual cases in which great injustice may be done by this rule of law. The weight of such an argument, however, is overcome in the opinion of the courts asserting the rule, by the mischief of retrying every case in which the judgment or decree rendered or secured on false testimony, or false affidavits, or on contracts or documents whose genuineness or validity was in issue and which may afterwards be ascertained to be forged or fraudulent." A conspiracy to do a thing which is not in itself actionable is not actionable (Williams v. McClellan, 111 NY

333

Supp 229, 59 Misc 620; Hocker v. Welti, supra, Dean v. Kirkland, supra). The action of the trial court in sustaining the motion to dismiss as to Count I was proper based on Illinois precedents.

In Count II of the amended complaint it is alleged that all of the defendants conspired to have defendants Brandow file a petition under section 72 of the Civil Practice Act and to swear falsely and commit perjury in that proceeding for the benefit of the Defendant, Funk. It was then charged that under the facts Funk was guilty of maintenance and champerty. Such action is clearly within the scope of the cases referred to with respect to Count I of the complaint and permitting such action would likewise be against public policy. It is also alleged that defendant Funk had purchased the interest of the defendant Brandow in the tract. As pointed out by the trial court, the Illinois statute relating to conveyances (Ill Rev Stats 1963, c 30, § 4, Par 4) permits an individual to sell his claim to real estate adversely possessed by others and gives the grantee the same right of action to recover it as though the grantor had been in possession (Willis v. Watson, 5 Ill 65, 67). In the complaint, as submitted, there was an absence of allegations of elements essential to a champertous agreement (Torrence v. Shedd, 112 Ill 466). So far as the complaint is concerned it alleges the conveyance to Funk and that Funk apparently had an interest in the property. If that were so, he could hardly be guilty of champerty or maintenance, and the allegation "If the court should determine that the defendant" Funk does not in fact have a real interest in the property then he would be guilty of maintenance and champerty in light of all allegations of the count was not sufficient to charge Funk with a violation of any rights of Plaintiff.

As to Count III, the gravamen of the charge is that parties Brandow and Carr entered into a conspiracy to have defendants Brandow commit perjury. Plaintiff then contends that the facts constituted abuse of process by the defendants, Brandow and Carr. As the trial court pointed out, the count does not aver either that the Plaintiff was arrested or its property seized (Bonney v. King, 201 Ill 47, 51, 66 NE 377). "Mere institution of civil suits though groundless and malicious does not constitute malicious abuse of process. An action for abuse of process will not lie unless there has been either an injury to the person or the property. There must be an actual seizure of the property of the plaintiff or an arrest of his person." In such count plaintiff had also sought to recover attorney's fees and costs and expenses incurred by it in defense of the petition filed by the defendants, Brandow. As stated by the court in Ritter v. Ritter, 381 Ill 549, at 552, 46 NE2d 41, "There is no principle of the common law that permits a successful litigant to recover from his losing adversary the costs and expenses of the litigation. At common law costs were never recoverable, nor was the successful plaintiff entitled to recover from the unsuccessful defendant his attorney fees or expenses of litigation as damages."

Plaintiff in the count also complains of transactions by defendants Brandow, and Carr, their attorney, in the prosecution of the petition to recover their land from a tax sale under section 72 of the Civil Practice Act. As stated in the case of McDavitt v. Boyer, 169 Ill 475, 483, 48 NE 1010, "Whatever is said or written in a legal proceeding pertinent and material to the matter in controversy is privileged and no action may be maintained upon it . . . Malice cannot be predicated on what is said or written in a

proceeding in a court of justice." This principle is supported by Dean v. Kirkland, 301 Ill App 495, 509, 23 NE2d 180.

 Perjury if proven to be involved in legal proceedings, is punishable in prosecution under criminal procedures. Civil actions following such litigation have not been favored by the courts, principally on the premise that even though there may be recognized injustice in many cases, the public interest in avoidance of interminable retrial of issues for civil damages or relief overrides the claimant's claim for civil relief unless asserted in the original action (Ruehl Bros. Brewing Co. v. Atlas Brewing Co., supra).

The action of the Trial Court in dismissing the complaint was, therefore, justified and will be affirmed.

Affirmed.

STOUDER and CORYN, JJ., concur.