GLORIA PARKS, formerly Gloria Marcy, Plaintiff-Appellee, v. MARLA S. NEUF, Defendant-Appellant.

Fourth District    No. 4—91—0152

Opinion filed August 22, 1991.—Rehearing denied October 1, 1991.

Joseph W. Vigneri, of Decatur, for appellant.

Burger, Fombelle, Zachry & Rathbun, P.C., of Decatur, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Gloria Parks filed this action in the circuit court of Sangamon County to recover damages for false affidavits of service executed by defendant Marla S. Neuf, the private process server in a separate small claims action. Defendant's motion to dismiss count IV of plaintiff's second-amended complaint captioned "Falsification of Affidavit of Service" was denied. The following issue has been certified to this court pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308): Is a civil cause of action for money damages for falsification of an affidavit of service by a private person on a return of a citation to discover assets or on a return of an order to show cause cognizable under the laws of the State of Illinois? We conclude an action for abuse of process may be maintained for falsification of an affidavit of service by a private process server.

In her original complaint, plaintiff alleged that on January 8, 1988, a judgment was entered against her in a small claims action filed by Illinois Bell. On May 3, 1988, a citation to discover assets was filed and purportedly personally served on plaintiff by defendant on May 3, 1988, at 1:12 p.m. Plaintiff further alleged defendant's affidavit of service was false. Because she was never served with the citation, plaintiff failed to appear in court on May 6, 1988, as required, and an order to show cause for failure to appear was entered. The order to show cause was purportedly personally served on plaintiff by defendant on June 14, 1988, at 2:35 p.m. According to plaintiff, this affidavit of service was also false, plaintiff was never served with the order to show cause and, thus, she failed to appear in court on June 17, 1988, as required. Plaintiff was arrested on December 17, 1988, for failing to appear in the citation proceedings.

Plaintiff originally sought damages for false arrest (count I) and intentional infliction of emotional distress (count II). The trial court dismissed count I of plaintiff's original complaint with prejudice, and count II was dismissed without prejudice. In her first-amended complaint, plaintiff included three counts: abuse of process, intentional infliction of emotional distress, and an unidentified cause of action which included allegations from counts II and III. Counts II and III of the first-amended complaint were dismissed with prejudice. Plaintiff was allowed to replead count IV of this first-amended complaint.

Plaintiff's second-amended complaint included one count (count IV) for damages of falsification of an affidavit of service. In this count, plaintiff alleged (1) that during her arrest, her picture was

taken, showing her handcuffed, and was thereafter published in numerous newspapers; (2) defendant had a duty to plaintiff and the court as a private process server to file truthful affidavits of service; (3) defendant intentionally falsified affidavits of service when she knew or should have known the court would rely on them in issuing a warrant for plaintiff's arrest; and (4) as a direct and proximate result of defendant's actions, plaintiff was arrested, her arrest was published in the newspaper, and her reputation was thereby damaged. Defendant's motion to dismiss the second-amended complaint pursuant to section 2—615 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) was denied.

Defendant contends in this court that the falsification of affidavits in this case amounts to perjury and the law does not subject one who allegedly committed perjury to civil liability for such acts. Plaintiff agrees with defendant that when the perjury committed bears directly on the issue or point in question, no civil remedy is available to the one against whom the perjury operated. However, plaintiff urges the perjury involved in this matter does *not* bear directly on the issues in the citation proceedings, *i.e.*, whether plaintiff is liable to Illinois Bell for an outstanding phone bill. Rather, the perjury here is collateral or adjunct to those proceedings and, therefore, a separate civil remedy should be recognized. In essence, plaintiff contends no remedy exists for the perjury involved in this case.

■ The parties focus their arguments on whether defendant's actions constitute perjury. Perjury has been defined as the wilful or corrupt taking of a false oath, lawfully administered in a judicial proceeding or in the course of justice, with respect to a matter material to the issue or point of inquiry. (70 C.J.S. *Perjury* §2, at 248 (1987).) The filing of false affidavits can be the basis of a perjury charge (Ill. Rev. Stat. 1989, ch. 101, par. 5; *Loraitis v. Kukulka* (1953), 1 Ill. 2d 533, 116 N.E.2d 329; *Amerco Field Office v. Onoforio* (1974), 22 Ill. App. 3d 989, 992, 317 N.E.2d 596, 599), or may give rise to a court-imposed sanction for contempt of court (Ill. Rev. Stat. 1989, ch. 110, par. 2—203(c); *Amerco*, 22 Ill. App. 3d at 992, 317 N.E.2d at 599). Except under limited circumstances or where authorized by statute, it is generally held an action for damages caused by perjury may not be maintained. (70 C.J.S. *Perjury* §4, at 251 (1987).) The Illinois courts have long recognized this rule. (*John Allan Co. v. Brandow* (1965), 59 Ill. App. 2d 328, 207 N.E.2d 339; *Dean v. Kirkland* (1939), 301 Ill. App. 495, 23 N.E.2d 180; see also *Hocker v. Welti* (1926), 239 Ill. App. 392; *Ruehl Brothers Brewing Co. v. Atlas Brewing Co.* (1914), 187 Ill. App. 392.) As stated in *John Allan*:

" '[N]o action can be maintained on account of the false testimony of witnesses, *or of a false statement filed in a judicial proceeding*. It is recognized by the authorities that there may be individual cases in which great injustice may be done by this rule of law. The weight of such an argument, however, is overcome in the opinion of the courts asserting the rule, by the mischief of retrying every case in which the judgment or decree rendered or secured on false testimony, or false affidavits, or on contracts or documents whose genuineness or validity was in issue and which may afterwards be ascertained to be forged or fraudulent.' " (Emphasis added.) *John Allan*, 59 Ill. App. 2d at 333, 207 N.E.2d at 342, quoting *Ruehl*, 187 Ill. App. at 398.

We find this case factually distinct from that involved in *John Allan* and other cases relied upon by the parties. The false statements in this case involved the *process* issued, not false testimony or pleadings as in *John Allan, Dean v. Kirkland* (1939), 301 Ill. App. 495, 23 N.E.2d 180, and *Liddell v. Smith* (7th Cir. 1965), 345 F.2d 491. The "mischief" of retrying a case as set out in *John Allan* is not present here; none of the substance of the Bell case concerning whether plaintiff owed the amount claimed by Bell is an issue in the instant case. In *John Allan* and the other cases finding no cause of action existed, the courts were concerned with undermining the judicial process. To say there is no cognizable cause of action here would in fact undermine the judicial process.

■■ ■ We conclude that plaintiff's allegations constitute abuse of process for which there is an available remedy for the plaintiff in this case. To establish abuse of process, a plaintiff must establish (1) the existence of an ulterior purpose or motive for the use of regular court process; and (2) some act in the use of the process not proper in the regular prosecution of the proceeding. (*Bonney v. King* (1903), 201 Ill. 47, 51, 66 N.E. 377, 378; *Kurek v. Kavanagh, Scully, Sudow, White & Frederick* (1977), 50 Ill. App. 3d 1033, 1038, 365 N.E.2d 1191, 1195; *Kennedy v. First National Bank* (1990), 194 Ill. App. 3d 1004, 551 N.E.2d 1002.) The gist of this tort is contained within its title; an actionable tort does not exist unless there is some improper use of the process of the court. (*Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962, 967, 282 N.E.2d 452, 455-56.) "Process" has been defined as "any means used by the court to acquire or to exercise its jurisdiction over a person or over specific property." (*Holiday*, 4 Ill. App. 3d at 968, 282 N.E.2d at 456.) The Illinois courts have found improper use of process only in those instances where the plaintiff has suffered an actual arrest or a seizure of property. *Holiday*, 4 Ill. App. 3d at 969,

282 N.E.2d at 457, citing *John Allan*, 59 Ill. App. 2d 328, 207 N.E.2d 339, and *Alberto-Culver Co. v. Andrea Dumon, Inc.* (N.D. Ill. 1969), 295 F. Supp. 1155.

Plaintiff's allegations meet the requirements for a cause of action for abuse of process. Defendant twice falsified affidavits of return of service of process for the ulterior purpose or motive of obtaining the fees provided for a private process server. Falsification of a return of service is clearly an act in the use of process not proper in the regular prosecution of the proceeding. As a result of defendant's actions, plaintiff was arrested.

In conclusion, we find a civil cause of action for abuse of process may be maintained for falsification of an affidavit of service by a private person. Accordingly, we affirm the trial court's denial of defendant's motion to dismiss plaintiff's cause of action.

Affirmed.

SPITZ and KNECHT, JJ., concur.