## CIRCUIT COURT OF FAIRFAX COUNTY

Bernard Steverding

 v.

Wayne Nebel

November 30, 1992

Case No. (Law) 115392

BY JUDGE RICHARD J. JAMBORSKY

This matter is before this court on the defendants' demurrer or plea in bar. After considering the oral argument and reviewing the memoranda and independent research, the Court overrules the defendants' demurrer or plea in bar.

In order to survive demurrer, an abuse of process action must sufficiently allege:

(1) the existence of an ulterior purpose; and

(2) an act in the use of the process (after initiating the proceedings) not proper in the regular prosecution of the proceedings.

These elements are satisfied.

The ulterior purpose is met by paragraph 8 of the plaintiff's motion for judgment, where it is alleged that 59 neighbors and friends were served for the purpose of embarrassing, harassing, and improperly pressuring and extorting monies from the plaintiffs. *Donahoe Construction v. Mount Vernon Ass'n.*, 235 Va. 539 (1988), cited by both parties, illustrates that the ulterior purpose is met. In that case, one very similar to the one at bar, the court rules that in filing a memorandum of mechanic's lien, the first element, an ulterior purpose, was satisfied when the plaintiff alleged that the mechanic's lien was filed to force settlement and avoid liquidated damages. Here the ulterior purpose is not only to force settlement but to embarrass and harass.

The second prong of the test is satisfied by Paragraph 9 of the plaintiff's motion for judgment, which in essence states that service by the sheriff on 59 nominal defendants was a separate and distinct act after the enforcement of the mechanic's lien was initiated and that this amounted to an improper use of process not proper in the regular prosecution of the proceedings. To reach this conclusion, this Court examined three sub-issues: first, whether service of process can constitute an act after the issuance of process; secondly, whether service of process was improperly used; and finally, whether the act complained of was within the proper scope of the action.

Turning to the first sub-issue, this court finds that service of process is a separate and independent act apart from the filing of a bill of complaint or motion for judgment. This is easily demonstrated. In prosecuting a case, two steps are taken. First a bill of complaint or motion for judgment is presented. Second, jurisdiction over the parties is procured by service of process. These are clearly two separate steps.

A litany of cases show that service of process can be attacked independently. In *Abel v. Smith*, 151 Va. 568, 144 S.E. 616 (1928), the court found that luring someone into the jurisdiction for the purpose of serving process upon that individual was improper, and therefore, no jurisdiction over the person can be found. Therefore, if service of process by itself is assailable, it must be a separate and independent act apart from the motion for judgment or bill of complaint. Moreover, several jurisdictions have specifically addressed the issue of whether service of process can legitimately be the basis of an abuse of process action. Courts in both California and Illinois have recognized an abuse of process action for the improper issuance of process against a private process server for the falsification of affidavits. *Parks v. Neuf*, 218 Ill. App. 3d 427, 578 N.E.2d 282 (1991); *Kappel v. Bartlett*, 200 Cal. App. 3d 1457, 246 Cal. Rptr. 815 (1988).

Turning to the second sub-issue, this court finds that service of process on the 59 individuals was improper. In determining the propriety of service, it was necessary for this court to decide whether the 59 individuals served were necessary parties. Because both parties cite *Mendenhall v. Cooper*, 239 Va. 71 (1990), to support their position on this issue, the court will utilize that case as well.

A party is necessary, according to *Mendenhall*, "where an individual is in the actual enjoyment of the subject matter, or has an

interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit." Here the subject matter of the mechanic's lien enforcement action was lot # 7. The 59 parties named and served in this suit have no direct interest in lot # 7, which was the property subject to the enforcement of the mechanic's lien. The only conceivable interest the parties may have had is that they and the plaintiff in this case were parties to an easement which crossed lot # 3. The sale of lot # 7 would in no way affect the enjoyment of their easement, and thus there is not an interest which may be diminished or enlarged by the sale of the property. As a matter of law, the parties named and served were not necessary parties.

Turning to the third sub-issue, this court has determined that harassing, embarrassing, and extorting monies from the plaintiffs is not within the proper scope of a mechanic's lien enforcement action. This is important, for in *Donahoe, supra*, the court found that encouraging settlement was within the scope of a mechanic's lien action. While settlement may be proper, embarrassing and harassing the plaintiffs would in no way be within the proper scope.

Lastly, it is necessary to determine whether permitting service of process to be the basis of an abuse of process action is prudent policy. An action for abuse of process acts as an important deterrent against the improvident use of judicial machinery. While it is true that sanctions also serve this purpose, it is equally clear that Virginia appellate courts narrowly apply the sanction statute, thus depriving the statute of its usefulness in some cases. Also, sanctions can rarely adequately recompense victims for the harm done to them. What could be more effective in preventing parties from using service of process in an improper manner? Few things could be more effective than an action for damages. While this may have a chilling effect on the filing of law suits and the service of parties, such effect can be minimized with a modicum of research and preparation, which attorneys are already obligated to do in order to avoid the imposition of sanctions. All the parties need to do is serve parties who can appropriately be served, and if a mistake is made in good faith, there is no penalty. In light of these policy reasons, as well as the case law on the subject, this action should survive the demurrer or plea in bar.