(No. 35893.—

CLARENCE A. PIERCE, Appellee, *vs.* CHARLES F. CARPENTIER, Secretary of State, *et al.,* Appellants.

*Opinion filed October 31, 1960.*

WILLIAM L. GUILD, Attorney General, of Springfield, (WILLIAM C. WINES, THEODORE G. MAHERAS, and JOHN W. CASTLE, Assistant Attorneys General, of counsel,) for appellants.

JOHN T. BEYNON, of Rockford, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendants, the Secretary of State and the chief clerk in the Driver's License Division, prosecute this direct appeal from a decree of the circuit court of Winnebago County which, by indirection at least, found sections 6—204(b), 6—206(a)2 and 6—209 of the Illinois Motor Vehicle Law to be unconstitutional, (Ill. Rev. Stat., 1959, chap. 95½, pars. 6—204(b), 6—206(a)2 and 6—209,) enjoined defendants from causing the surrender of plaintiff's driver's license, or his arrest, and ordered that a notice suspending plaintiff's license be revoked, recalled and annulled. The cause was determined below on the pleadings, a factor which is determinative on this appeal.

Plaintiff, Clarence A. Pierce, filed his complaint in February, 1960, alleging that he had previously been issued a driver's license which was to expire on March 24, 1962, that he had operated a vehicle under such license in order to earn money for the support of his family, and that, on February 15, 1960, the Secretary of State had issued a notice of the suspension of such license. The notice, which was set out *verbatim* in the complaint, advised plaintiff his license had been suspended for a period of two months "based upon reports of your conviction of not less than three offenses within 12 months against traffic regulations governing the movements of motor vehicles." The notice further advised that the license would have to be surrendered immediately, that operation of a vehicle by plaintiff after the receipt of the notice was a violation of the law, that he was entitled to a hearing after his license had been suspended and a request for hearing made, and that, unless otherwise ineligible, his license would be returned at the end of the suspension period.

Continuing, the complaint alleged that the license sus-

pension would cause plaintiff irreparable damage for which there was no adequate remedy at law, denied that plaintiff had been convicted of three traffic offenses within twelve months, and alleged the following: "That, as a result of said suspension, the civil and/or property rights of the said plaintiff herein have been invaded under color of an unconstitutional statute, namely, Section 6—206A2 [sic]; Section 6—209; and Section 6—204—4(b) [sic] of the Illinois Motor Vehicle Law." Thereafter, the complaint prayed that defendants be enjoined from causing the surrender of plaintiff's license, that they be enjoined from following any of the surrender procedures in the sections of the Motor Vehicle Act pleaded, and that the notice of suspension received by plaintiff be revoked.

Defendants responded to the complaint by filing a "Motion to Strike or in the Alternative to Transfer to a Proper Venue," wherein it was alleged: (1) that subsection (e) of section 2—117 of the Motor Vehicle Act, (Ill. Rev. Stat. 1959, chap. 95½, par. 2—117(e),) provides that the action of the Secretary of State in suspending, revoking or denying any license, registration or permit is subject to judicial review, under the Administrative Review Act, either in the circuit court of Sangamon County or in the circuit or superior court of Cook County; (2) that section 2—117(a) of the act specifically provides for a hearing by the Secretary of State in the event of the vacation or suspension of an operator's license; (3) that the latter hearing is a condition precedent to a judicial review of the Secretary of State's decision; and (4) that the allegations of the complaint fail to raise a constitutional question. On the basis of these allegations it was prayed that the plaintiff's complaint be stricken or, in the alternative, that the cause be transferred to a proper venue.

The motion was denied with respect to each alternative and, when defendants elected to stand on such pleading, the

chancellor ruled that the allegations of the complaint were to be taken as confessed by defendants and thereafter entered the decree from which this appeal is taken. Insofar as an express ruling upon the constitutionality of the statutory provisions is concerned, the decree did no more than to repeat the allegations of plaintiff's complaint that his civil and/or property rights had "been invaded under color of an unconstitutional statute."

When the alleged constitutional infirmity of a statute or ordinance is to be found in its terms, it is true, as plaintiff claims, that a prior application for the administrative relief provided for therein is not necessary as a condition precedent to judicial inquiry into the constitutional validity of such statute or ordinance. (*Bank of Lyons* v. *County of Cook,* 13 Ill.2d 493, 495.) Thus, it follows that if the trial court in this instance was correct in its determination that plaintiff's complaint was sufficient to challenge the constitutionality of the statutory provisions in question, then its denial of defendants' alternative motion for a transfer of venue was entirely proper. It is our opinion, however, that the allegations of the complaint were insufficient to raise the constitutional infirmities now claimed in this court, and that the court below was in error when it ruled that the invalidity of the statutory provisions involved had been confessed by defendants' motion.

We have steadfastly held that the mere allegation in a pleading that a statute is unconstitutional or that a constituional right has been invaded, without referring to the provision of the State or Federal constitution the statute is supposed to offend, is insufficient to raise a constitutional question. (*Liberty National Bank* v. *Metrick,* 410 Ill. 429; *Grutzius* v. *Armour and Co. of Delaware,* 377 Ill. 447; *People* v. *Jiras,* 340 Ill. 208; *Reining* v. *Mueller,* 248 Ill. 389; and cf. *Smith* v. *Hill,* 12 Ill.2d 588.) The complaint in the instant case did no more than to make a naked statement that the statutes alleged were "unconstitutional," with

the result that no precise constitutional issues could be formed or defended against. We note too that the same result has extended into the appeal made to this court. In the absence of specific allegation as to the constitutional rights or provisions involved, and under the circumstance that there was no determination on the merits below, defendants have been left to speculate as to the constitutional infirmities upon which the complaint was based. In view of this defect in plaintiff's complaint, the motion to strike it should have been allowed.

Nor can it be said that defendants' motion confessed to the unconstitutionality of the statutory provisions involved. Motions to dismiss or strike a pleading admit facts well pleaded, but not conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest. (*Kurtzon* v. *Kurtzon,* 395 Ill. 73, 76; *People* v. *Touhy,* 397 Ill. 19, 26.) Here, the general allegation that the provisions of the Motor Vehicle Act in question are unconstitutional is a mere conclusion of law. (See: *Delta Die Casting Co.* v. *Village of Schiller Park,* 17 Ill. App. 2d 543; *City of Springfield* v. *Kable,* 306 Ill. App. 616; *Pacific States Box & Basket Co.* v. *White,* 296 U.S. 176, 80 L.ed. 138; 71 C.J.S., Pleading, sec. 261f, p. 533.) As the Supreme Court of the United States has pointed out in the *Pacific States Box & Basket case,* where a legislative action is clearly within the scope of the police power, and the Motor Vehicle Act in the present case must be so deemed, there is a presumption of validity which the one assailing the action has the burden of overcoming. "The burden is not sustained by making allegations which are merely the general conclusions of law or fact. * * * Facts relied upon to rebut the presumption of constitutionality must be specifically set forth." 296 U.S. at 185, 80 L.ed. at 146.

For the reasons stated the decree of the circuit court of Winnebago County is reversed and the cause is remanded,

with directions to grant defendants' motion to strike and for such other proceedings as are committed to the court's discretion by section 45(4) of the Civil Practice Act. Ill. Rev. Stat. 1959, chap. 110, par. 45(4).

*Reversed and remanded, with directions.*