JACK E. LOFTUS, Plaintiff-Appellant, v. ROBERT MINGO et al., Defendants-Appellees (Larry Mitchell, Defendant).
Fourth District No. 4—86—0888

Opinion filed July 16, 1987.

734

Thomas R. Appleton and Brian T. Otwell, both of Presney, Kelly & Appleton, of Springfield, for appellant.

Paul Bown and John P. Hassiepen, both of Brown, Hay & Stephens, of Springfield, for appellee Robert Mongo.

Judge & Knight, Ltd., of Park Ridge (Gregory G. Lawton, of counsel), for other appellee.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

On October 24, 1984, plaintiff, Jack E. Loftus, filed a complaint in the circuit court of Sangamon County against defendants, Robert Mingo, Larry Mitchell, and the village of Riverton, Illinois. The complaint alleged damages resulting from an automobile collision which occurred when plaintiff backed his vehicle out of his garage and down the driveway adjoining his residence in Riverton, Illinois, thereupon colliding with a vehicle parked in the driveway with no lights illuminated. The latter vehicle was occupied by Robert Mingo, a police officer employed by the village of Riverton.

Counts I, III and VI of plaintiff's seven-count complaint were directed against Robert Mingo and alleged negligence, wilful and wanton misconduct, and a civil rights violation, respectively. Counts II and VII of plaintiff's complaint were directed against the village of Riverton and alleged negligence and a civil rights violation, respectively. Counts IV and V of the complaint contained allegations against police chief Larry Mitchell as supervisor of Mingo. Counts IV and V were omitted from subsequent amended complaints and are not at issue in this appeal.

On November 26, 1984, defendants petitioned the United States District Court for the Central District of Illinois to remove this action to that court based upon Federal jurisdiction over the civil rights claims. On April 16, 1985, the United States District Court entered an order denying the petition for removal.

On September 13, 1985, plaintiff's original complaint was dismissed by agreement of the parties and plaintiff was granted leave to amend his complaint.

Then on October 3, 1985, plaintiff filed his first amended complaint. On October 22, 1985, defendants moved to dismiss the first-amended complaint. Following a hearing, the motions to dismiss were allowed and plaintiff was granted leave to amend his complaint.

On February 4, 1986, plaintiff filed his second-amended complaint, alleging five counts. This complaint omitted the two counts against former defendant Larry Mitchell and alleged negligence, wilful and wanton misconduct and civil rights violations against Mingo and the village of Riverton. Mingo and the village of Riverton moved to dismiss the second-amended complaint. Following a hearing, defendants' motions to dismiss plaintiff's second-amended complaint were allowed and plaintiff was granted leave to file another amended complaint.

On October 15, 1986, plaintiff filed his third-amended complaint. Count I of the six-count complaint was directed against Mingo and alleged that Mingo had a duty to use reasonable care in the operation and use of his motor vehicle and to make his presence known by the use of headlights or parking lights due to the darkness existing at the time of the collision. Count I further alleged that Mingo had breached this duty by failing to indicate his presence to plaintiff by the use of lights, failing to operate his vehicle with proper lights or warning devices in violation of sections 12—201 and 12—203 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, pars. 12—201, 12—203), failing to take action to avoid the collision, and obstructing plaintiff's driveway. Count II of the complaint was directed against the village of Riverton, and alleged that Mingo, as a village employee, was an agent of the village and was acting within the scope of his employment at the time of the alleged negligent act or omission. Count III of the complaint was directed against Mingo and alleged that Mingo engaged in wilful and wanton misconduct by failing to indicate his presence to plaintiff with the use of headlights or parking lights, failing to operate his headlights or parking lights or warning devices, in violation of sections 12—201 and 12—203 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, pars. 12—201, 12—203), placing himself in a situation where he was unable to take action to avoid the collision, and obstructing plaintiff's driveway. This count sought punitive damages against Mingo. Counts IV and V of the complaint were directed against Mingo and the village of Riverton, respectively, and alleged a violation of plaintiff's civil rights pursuant to the United States Constitution and sections 1983, 1985, and 1988 of the Civil Rights Act of 1964 (42 U.S.C. secs. 1983, 1985, 1988 (1982)). Finally count IV of plaintiff's complaint, directed against Mingo, alleged that plaintiff sustained damages resulting from Mingo's uninvited presence on property owned by the plaintiff. Mingo and the village of Riverton filed motions to dismiss the third-amended complaint. After a hearing, the trial court granted the defendants' motions and dismissed plaintiff's complaint. Further, the court denied leave to amend the complaint and the cause was stricken. Plaintiff now appeals.

■■ ■ Plaintiff's primary contention is that the trial court erred in dismissing his third-amended complaint. When considering a motion to dismiss, the trial court must assume the truth of all facts properly pleaded (*Vaught v. General Motors Corp.* (1984), 102 Ill. 2d 431, 466 N.E.2d 195; *Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 187 N.E.2d 722), and all reasonable inferences which can be drawn from those facts (*Horwath v. Parker* (1979), 72

Ill. App. 3d 128, 390 N.E.2d 72). However, mere conclusions of law, argumentative matter, or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest are irrelevant and must be disregarded by the trial court in ruling on a motion to dismiss. (*Pierce v. Carpentier* (1960), 20 Ill. 2d 526, 169 N.E.2d 747); *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976).) In order to survive a motion to dismiss, a complaint must allege facts which, when considered together, establish the cause of action which the plaintiff seeks to state. (*Segall v. Berkson* (1985), 139 Ill. App. 3d 325, 328, 487 N.E.2d 752, 754.) A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover. (*Ogle v. Fuiten* (1984), 102 Ill. 2d 356, 466 N.E.2d 224; *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.) The standard of review on appeal is whether the complaint alleged facts which sufficiently state a cause of action. *Carlinville National Bank v. Rhoads* (1978), 63 Ill. App. 3d 502, 380 N.E.2d 63.

Plaintiff contends that the trial court erred in dismissing counts I and II of his third-amended complaint, claiming that the counts sufficiently stated causes of action for negligence against Mingo and the village of Riverton under the doctrine of *respondeat superior.* Counts I (Mingo) and II (village of Riverton) of plaintiff's third-amended complaint alleged that "on or about March 14, 1984, at approximately 4:00 A.M., the Plaintiff was operating his motor vehicle upon the premises adjoining his residence in the Village of Riverton, Illinois; specifically that the Plaintiff was backing out of a garage adjoining said residence." Counts I and II further alleged that as plaintiff "was backing out of his garage, unknown to the Plaintiff, the Defendant, Mingo, was parked in the Plaintiff's driveway upon Plaintiff's property without having in operation either the headlights or parking lights on his vehicle, which was not visible to the Plaintiff because of darkness." The complaint next alleged that "prior to Defendant Mingo's parking in Plaintiff's driveway, Defendant Mingo had followed Plaintiff, without headlights, onto Plaintiff's property and further that Plaintiff had specifically denied access to and permission to be on his property to Defendant Mingo."

Based upon these facts, plaintiff alleged that Mingo had a duty to make his presence known to plaintiff by the use of headlights or parking lights because of the darkness existing at the time of the collision. Plaintiff further alleged that Mingo breached this duty by failing to indicate his presence to plaintiff with the use of headlights or parking lights; failing to use his headlights, parking lights, or other warning

devices in violation of sections 12—201 and 12—203 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, pars. 12—201, 12—203); failing to avoid the collision; and obstructing plaintiff's driveway.

■ We have reviewed these allegations with the aforementioned legal principles in mind and conclude that the trial court erred in dismissing counts I and II of plaintiff's third-amended complaint. Initially, we note that plaintiff's reliance upon sections 12—201 and 12—203 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, pars. 12—201, 12—203) is misplaced. Section 12—201 articulates when lighted lamps are required in the operation of motorcycles and motor vehicles "upon any highway in this State." (Ill. Rev. Stat. 1983, ch. 95½, par. 12—201.) Similarly, section 12—203 articulates when parking lights must be displayed by motorcycles or motor vehicles which are parked on "highways." (Ill. Rev. Stat. 1983, ch. 95½, par. 12—203.) Contrary to plaintiff's suggestion, these sections do not apply to motor vehicles operated or parked on private property. Indeed, section 11—201 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—201) expressly states:

"Provisions of act refer to vehicles upon the highways—Exceptions. The provisions of this Chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except:

1. Where a different place is specifically referred to in a given section.

2. The provisions of Articles IV and V of this Chapter shall apply upon highways and elsewhere throughout the State."

Neither exception just stated applies to the situation here.

We do believe, however, that the remaining allegations contained in counts I and II are sufficient to withstand a motion to dismiss. We point out that section 2—603(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—603(c)), provides that pleadings are to be "liberally construed with a view to doing substantial justice between the parties." Furthermore, courts have held that if the facts alleged and any reasonable inferences capable of being drawn from those facts demonstrate a possibility of recovery, the pleading is not subject to dismissal. Upon reviewing the allegations in counts I and II of plaintiff's complaint together with the legal principles relating to motions to dismiss, we are unable to say that it clearly appears that no set of facts could be proved which would entitle the plaintiff to recover. (*Ogle v. Fuiten* (1984), 102 Ill. 2d 356, 466 N.E.2d 224.) Thus, the dismissal of counts I and II of plaintiff's complaint was erroneous and is reversed.

740

■ Plaintiff next contends that count III of his third-amended complaint states a cause of action for wilful and wanton misconduct. We are unpersuaded by this contention.

To sufficiently plead wilful and wanton misconduct, a plaintiff must allege facts demonstrating a duty of the defendant and a breach of that duty which proximately caused the plaintiff's injury. (*Newby v. Lake Zurich Community Unit, District 95* (1985), 136 Ill. App. 3d 92, 482 N.E.2d 1061.) Wilful and wanton misconduct means a course of action which shows either a deliberate intention to harm or an utter indifference to or conscious disregard for the safety of others. (*Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 443 N.E.2d 1162.) Wilful and wanton misconduct must be manifested by the facts alleged in the complaint, and mere conclusory allegations or the mere characterization of certain acts as wilful and wanton misconduct are insufficient to withstand a motion to dismiss. 111 Ill. App. 3d 333, 443 N.E.2d 1162.

In count III of plaintiff's third-amended complaint, plaintiff realleges the allegations made in the previously discussed negligence counts, including the allegation that Mingo had a duty to make his presence known by the use of headlights or parking lights. In addition, count III alleges that Mingo "willfully and wantonly failed to indicate his presence" to plaintiff with the use of lights, he "willfully and wantonly failed to operate" his vehicle with headlights or parking lights in violation of sections 12—201 and 12—203 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, pars. 12—201, 12—203), he "willfully and wantonly placed himself in a situation" where he was unable to avoid the collision, and he "willfully and wantonly obstructed" the driveway.

■ This count fails to state a cause of action for wilful and wanton misconduct as wilful and wanton misconduct is not manifested by the facts alleged in this complaint. Plaintiff's allegations are conclusions of fact and mere characterizations of acts as wilful and wanton misconduct. A motion to dismiss does not admit conclusions of fact unsupported by underlying allegations of specific facts upon which such conclusions rest. (*Hassett Storage Warehouse, Inc. v. Board of Election Commissioners* (1979), 69 Ill. App. 3d 972, 387 N.E.2d 785.) Thus, count III fails to state a cause of action against Mingo for wilful and wanton misconduct and the court properly dismissed it on motion.

■ Plaintiff also contends that the court erred in dismissing counts IV and V of his third-amended complaint, which alleged violations of plaintiff's civil rights under sections 1983, 1985 and 1988 of the Civil Rights Act of 1964 (42 U.S.C. secs. 1983, 1985, 1988 (1982))

against Mingo and the village of Riverton. Defendants contend, and we agree, that these counts fail to state a cause of action under the Civil Rights Act and were therefore properly dismissed.

Section 1983 of the Civil Rights Act of 1964 (42 U.S.C. sec. 1983 (1982)) provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof of the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

Count IV of plaintiff's complaint adopted the allegations made in his negligence counts. Further, count IV alleged that at the time of the collision, Mingo "was engaged in the activity of harassing the Plaintiff and depriving the Plaintiff of his right to liberty and freedom from unwarranted intrusions upon his property *** for the reason that Defendant Mingo had no cause or purpose to be upon the Plaintiff's property except to harass and intimidate the Plaintiff." Plaintiff alleged that the "activity alleged herein was pursuant to [a] pattern of harassment *** and intimidation." Plaintiff further alleged "[t]hat as a result of the hidden presence of the Defendant upon the property of the Plaintiff the Plaintiff, upon backing his vehicle out of the garage located at his residence, collided with the vehicle being operated by Defendant Mingo" and was injured.

We do not believe the allegations made in count IV state a cause of action against Mingo under section 1983 of the Civil Rights Act of 1964 (42 U.S.C. sec. 1983 (1982)). Plaintiff's allegations of harassment and intimidation by Mingo which deprived plaintiff of his right to liberty and freedom from unwarranted intrusions upon his property are conclusory and are unsupported by allegations of specific facts upon which such conclusions rest. (*Pierce v. Carpentier* (1960), 20 Ill. 2d 526, 169 N.E.2d 747.) Plaintiff's allegations of facts forming the basis of this count are substantially the same allegations forming the basis of his negligence count. Allegations of negligence will not support a claim under section 1983 of the Civil Rights Act of 1964 (42 U.S.C. sec. 1983 (1982)). The United States Supreme Court has held that negligent acts of State officials which cause intended loss or injury do

not deprive a person of life, liberty, or property under the fourteenth amendment. (See *Daniels v. Williams* (1986), 474 U.S. 327, 88 L. Ed. 2d 662, 106 S. Ct. 662). In reaching this determination the *Daniels* court stated:

> "Our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society. We have previously rejected reasoning that 'would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States,' Paul v. Davis, 424 U.S. 693, 701, 47 L. Ed. 2d 405, 96 S. Ct. 1155 (1967), quoted in Parratt v. Taylor, 451 U.S., at 544, 68 L. Ed. 2d 420, 101 S. Ct. 1908." 474 U.S. 327, 333, 88 L. Ed. 2d 662, 669, 106 S. Ct. 662, 666.

█▌ █ Furthermore, plaintiff's allegations in count V do not state a cause of action against the village of Riverton under section 1983 (42 U.S.C. sec. 1983 (1982)). Local governmental liability under section 1983 cannot be grounded solely on the doctrine of *respondeat superior*. (*Monnell v. Department of Social Services* (1978), 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 1018; *Walden v. Wishengrad* (2d Cir. 1984), 745 F.2d 149). In order for a municipality to be held liable under section 1983, the act or omission alleged to be a constitutional infringement must have been proximately caused by the municipality's "policy or custom." (*Monell v. Department of Social Services* (1978), 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018.) A municipality's "policy or custom" is that which is made by lawmakers or those whose edicts or acts may fairly be said to represent official policy. *United Steelworkers of America, AFL-CIO-CLC v. Dalton* (E.D. Va. 1982, 544 F. Supp. 282.

Here plaintiff has alleged no facts indicating that the "condonation policy" of the village of Riverton of which he complains actually exists. Plaintiff's allegation that Mingo was acting "pursuant to a municipal policy then existing within the village of Riverton which allowed and condoned the violations of the Plaintiff's civil rights by Mingo" is conclusory and unsupported by any specific allegations of fact that an official policy existed. (See *Strauss v. City of Chicago* (7th Cir. 1985), 760 F.2d 765.) Plaintiff alleged that the village knew of Mingo's "activities of harassment and denial of liberty to the Plaintiff and other citizens of the village" yet failed to supervise Mingo's conduct to take necessary steps to restrain Mingo from engaging in such conduct. Such allegations do not indicate that an official policy

existed. (See *Rodgers v. Lincoln Towing Service, Inc.* (N.D. Ill. 1984), 596 F. Supp. 13; *Strauss v. City of Chicago* (7th Cir. 1985), 760 F.2d 765.) Rather, they are allegations of inaction, a failure to supervise, or an acquiescence in prior misconduct. Courts have held that a complaint that tracks *Monnell's* requirement of "official policy" with bare allegations cannot stand when the policy identified is nothing more than acquiescence in prior misconduct. See *Strauss v. City of Chicago* (7th Cir. 1985), 760 F.2d 765; *Rodgers v. Lincoln Towing Service, Inc.* (N.D. Ill. 1984), 596 F. Supp. 13, 20) (claims "based on wholly conclusory allegations of a de facto municipal policy[ ] *** the existence of which is to be inferred not from something the municipality did but rather from its inaction, constitute one of the most prevalent forms of abuse in section 1983 actions").

■ Finally, plaintiff's allegations in counts IV and V do not state a cause of action against either Mingo or the village of Riverton under section 1985 of the Civil Rights Act of 1964 (42 U.S.C. sec. 1985 (1982)).

Section 1985(3) of the Civil Rights Act of 1964 (42 U.S.C. sec. 1985(3) (1982)) provides in pertinent part:

"(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; *** in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

To make out a valid cause of action under section 1985(3) (42 U.S.C. sec. 1985(3) (1982)), a plaintiff must allege four elements: (1) a conspiracy; (2) a purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) injury to his person or property or deprivation of any right or privilege of a citizen of the United States. (*Quinones v. Szorc* (7th Cir. 1985), 771 F.2d 289.) Counts IV and V of the plaintiff's complaint are totally devoid of allegations with respect to elements (1), (2), and (3) of a section 1985 action. A complaint must

minimally allege facts sufficient to. set forth the essential elements of a cause of action. (*Allstate Insurance Co. v. Winnebago County Fair Association, Inc.* (1985), 131 Ill. App. 3d 225, 475 N.E.2d 230.) Consequently, those counts fail to state a cause of action against either Mingo or the village under section 1985(3).

In view of the foregoing analysis, we conclude that counts IV and V of plaintiff's third-amended complaint were properly dismissed.

 Plaintiff next argues that the trial court erred in dismissing count VI of his third-amended complaint. In count VI, plaintiff realleged the factual allegations made in his negligence count regarding the circumstances surrounding the collision. Plaintiff further alleged that the events occurred upon lands owned by him and that he sustained damages as a result of Mingo's uninvited presence upon his property. On appeal, plaintiff contends that these allegations are sufficient to state a cause of action against Mingo for trespass. We disagree. .

To sustain a cause of action for trespass to real property, a plaintiff must allege a wrongful interference with his actual possessory rights in the property. (*Great Atlantic & Pacific Tea Co. v. La Salle National Bank* (1979), 77 Ill. App. 3d 478, 395 N.E.2d 1193.) Here, plaintiff has alleged ownership of the real property in question; however, he has failed to allege any wrongful interference with his actual possessory rights in that property. Contrary to plaintiff's contention on appeal, count VI contains no allegations that Mingo was off duty, not acting within the scope of his employment as a village police officer, or that Mingo was not acting pursuant to warrant or probable cause. Rather, the complaint merely alleges the police officer's uninvited presence upon plaintiff's property. Plaintiff on appeal has offered no authority for the proposition that an on-duty police officer who enters the land of another without invitation is a trespasser or a wrongful intruder.

 Courts have discussed the status of police officers and firemen who enter the land of another in the scope of their employment. In *Ryan v. Chicago & Northwestern Ry. Co.* (1942), 315 Ill. App. 65, 75, 42 N.E.2d 128, 133, the court, quoting Prosser on Torts (W. Prosser, Torts, at 608 (1941)), stated:

> " 'The courts have encountered considerable difficulty in dealing with public officers, firemen and the like, who come upon the land in the exercise of a legal privilege and the performance of a public duty. Such individuals do not fit very well into any of the more or less arbitrary categories which the law has established. They are not trespassers, since they are privileged

to enter. The privilege is independent of any permission or license of the possessor, and there is no right to exclude them ***.' ''

Further our supreme court, citing to *Ryan* with approval, has stated:

"The traditional classification of those who come upon the land of another as trespassers, licensees and invitees has not provided a satisfactory means of determining the duty a possessor of land owes to public employees who come upon the land in the performance of their duties. (Prosser, Handbook of the Law of Torts 395-96 (4th ed. 1971).) In Illinois, under such circumstances, policemen and firemen have in the past been considered to be mere licensees. However, in *Ryan v. Chicago and Northwestern Ry. Co.* (1942), 315 Ill. App. 65, [42 N.E.2d 128,] the court held that the railway company was obligated to use reasonable care for the protection of a policeman who was rightfully on the defendant's right of way. In *Dini v. Naiditch* (1960), 20 Ill. 2d 406, [170 N.E.2d 881,] this court referred to the appellate court's decision in *Ryan* and held that the owner of a building was under a duty to use reasonable care in the maintenance of his property for the protection of a fireman upon the premises fighting a fire. Subsequent to *Dini*, the law of this State has imposed upon the possessor of land, as to a policeman or a fireman who is on the premises in the performance of his official duties at a place where he might reasonably be expected to be, the same duty which the possessor of land owes to an invitee." (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 556, 328 N.E.2d 538, 540-42.)

Although the *Fancil* court was discussing the duty a possessor of land owes to a police officer who comes upon the land in the performance of his duties, the rationale set forth in that decision is instructive here. Thus, as count VI fails to allege that Mingo was not on his land in the performance of his official duties and fails to allege any wrongful intrusion with plaintiff's actual possessory rights in his property, it is insufficient to state a cause of action for trespass against Mingo.

Lastly, plaintiff argues that the trial court abused its discretion in refusing to allow plaintiff to further amend his complaint. In light of our previous determination that counts I and II of plaintiff's complaint were improperly dismissed, our discussion of that issue will only pertain to the remaining counts in plaintiff's complaint.

Section 2—617 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—617) provides in substance that pleadings may be amended at anytime prior to trial. While this section is to be liber-

ally construed in favor of allowing amendments, it is well settled that parties do not have an absolute right to amend. (*Hassiepen v. Marcin* (1974), 22 Ill. App. 3d 433, 318 N.E.2d 162.) Rather, granting or denying leave to amend is a matter within the discretion of the trial judge, and his decision will not be disturbed on appeal except where there is a clear or manifest abuse of that discretion. *Batteast v. Argonaut Insurance Co.* (1983), 118 Ill. App. 3d 4, 454 N.E.2d 706; *Deasey v. City of Chicago* (1952), 412 Ill. 151, 105 N.E.2d 727.

There is no presumption that a proposed amendment will be a proper one and it is not error to refuse to allow an amendment that has not been presented when there are no means of determining whether or not it will be proper and sufficient. (*Old Salem Chautauqua Association v. Illinois District Council of the Assembly of God* (1958), 23 Ill. 2d 258, 148 N.E.2d 777, *cert. denied* (1959), 361 U.S. 864, 4 L. Ed. 2d 104, 80 S. Ct. 123.) It has been held that a trial court cannot be said to have abused its discretion where a proposed amendment has not been submitted to the trial court or made a part of the record. (See *Dick v. Gursoy* (1984), 124 Ill. App. 3d 185, 471 N.E.2d 195 (and cases cited therein).) Under such circumstances the reviewing court is powerless to review the trial court's exercise of discretion. *Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, 170 N.E.2d 147, *cert. denied* (1961), 365 U.S. 879, 6 L. Ed. 2d 191, 81 S. Ct. 1029.

■ In the case at bar, plaintiff did not tender a proposed fourth-amended complaint to the trial court or make the proposed amendment a part of the record. Nor has plaintiff indicated how he intended to cure the defects in his third-amended complaint. Consequently, we cannot say that the trial court abused its discretion in denying leave to amend.

For all of the foregoing reasons, the judgment of the circuit court of Sangamon County is reversed as to counts I and II, and affirmed as to counts III, IV, V, and VI.

Affirmed in part; reversed in part.

GREEN and LUND, JJ., concur.