JANET MITCHELL *et al.*, Plaintiffs-Appellants, v. JOHN WADDELL *et al.*, Defendants-Appellees.

Fourth District   No. 4—89—0137

Opinion filed September 28, 1989.

Alan D. Bourey, of Decatur, for appellants.

Robert D. Winters and Frederic L. Kenney, both of Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur, for appellees John Waddell and Lorraine Waddell.

Heyl, Royster, Voelker & Allen, of Peoria (Karen L. Kendall, John A. Ess, and Gary S. Schwab, of counsel), for appellee Millikin University.

JUSTICE SPITZ delivered the opinion of the court:

This is an appeal by plaintiffs Janet and Everett Mitchell from the order of the circuit court of Macon County granting judgment on the pleadings in favor of defendants John and Lorraine Waddell and Millikin University. Plaintiffs' amended complaint was framed in six counts seeking recovery for the personal injuries to Janet and loss of Janet's society for Everett as a proximate result of the negligence and wilful misconduct of defendants by maintaining an unreasonably unsafe condition on the premises and by failing to warn thereof. It is alleged Janet fell in a hole while on a farm owned by Millikin and leased to the Waddells. It is further alleged that Janet was invited to the farm by Lorraine Waddell for the purpose of visiting with Lorraine Waddell and relatives and for collecting insects for an insect collection. The wilful misconduct counts allege defendants should have covered the hole or erected a barrier because defendants knew the hole posed a significant danger to plaintiff. In granting judgment on the pleadings, the trial court found that plaintiff's presence on the property constituted a recreational or conservation use and that the Recreational Use of Land and Water Areas Act (Act) (Ill. Rev. Stat. 1987, ch. 70, par. 31 *et seq.*) provides that a landowner "owes no duty of care to keep the premises safe for entry or use of any person for recreational or conservation purposes, or to give any warning of a natural or artificial dangerous condition and an owner of land who permits any person without charge to use such property for recreational or conservation purposes does not assume responsibility for any injury to such person caused by any natural or artificial condition." The trial court also found that the provisions of the Act applied to tenants as well as land owners. After judgment was entered in favor of the defendants, the complaint was stricken. The minute order of the trial court does not refer to each of the counts of the complaint separately.

Section 2—615(e) of the Code of Civil Procedure (Code) permits a party to file a motion for judgment on the pleadings. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615(e).) Although a motion for judgment on the pleadings is akin to a motion for summary judgment, since

both suggest no genuine issue of material fact exists, the two motions differ in that a motion for judgment on the pleadings submits that no issue of triable fact existed and the movant is entitled to judgment under the averments and admissions of the pleadings, while a motion for summary judgment may utilize affidavits and other documents to establish the absence of a genuine issue of a material fact. (*Tompkins v. France* (1959), 21 Ill. App. 2d 227, 157 N.E.2d 799.) A motion for judgment on the pleadings asks the trial court to review the pleadings and determine, as a matter of law, that the pleadings fail to present a triable issue of fact. (*Maywood Sportservice, Inc. v. Maywood Park Trotting Association, Inc.* (1976), 40 Ill. App. 3d 1028, 353 N.E.2d 295.) All well-pleaded facts contained in the pleading of the non-moving party, and the fair inferences therefrom, are considered admitted for the purposes of determining the motion. (*Baker-Wendell, Inc. v. Edward M. Cohon & Associates, Ltd.* (1981), 100 Ill. App. 3d 924, 427 N.E.2d 317.) Although a motion for judgment on the pleadings is ordinarily made after the parties are at issue so that the court may consider both the complaint and the answer, the motion can be addressed to a complaint alone (*Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 341 N.E.2d 101), and the motion may ask for judgment even though the only ground therefor is that the allegations of the complaint are insufficient to state a cause of action. *Bohnert v. Ben Hur Life Association* (1936), 362 Ill. 403, 200 N.E. 326.

■ After the judgment on the pleadings is entered, the reviewing court must ascertain whether the trial court's determination that no genuine issue as to any material fact was presented in the pleadings was correct. If no such issues exist, then the reviewing court must determine whether judgment was properly entered. *Upper Avenue National Bank v. First Arlington National Bank* (1980), 81 Ill. App. 3d 208, 400 N.E.2d 1105.

■ The Act relieves landowners who allow their land to be used for recreational purposes without charge from the duties of maintaining a safe premises for such use or from warning recreational users of the land of dangerous conditions on the premises. The Act specifies that liability for wilful or malicious failure to guard against or warn of a dangerous condition, use, structure, or activity is not limited. (Ill. Rev. Stat. 1985, ch. 70, pars. 31 through 37.) Plaintiffs filed two counts against defendants for wilful misconduct.

The incident is alleged to have occurred on or about September 22, 1986. Although the statutes have since been amended by Public Act 85—959, effective December 8, 1987 (1987 Ill. Laws 4282, 4284-85), plaintiffs do not argue for the retroactive application of the

amendment. Of greatest significance to the case at bar would be the fact the "willful or malicious" language of section 6 has been changed to "willful and wanton." This seems to be in direct response to the opinion of *Davis v. United States* (7th Cir. 1983), 716 F.2d 418, which concluded that the legislature meant that only conduct more serious than wilful and wanton must have occurred before a cause of action can lie, otherwise the legislature would have said wilful and wanton. Plaintiffs rely on *Miller v. United States* (N.D. Ill. 1976), 442 F. Supp. 555, which interpreted the "wilful and malicious" language by referring to the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, pars. 60 through 69) and the court interpretations thereof. Under these cases, "wilful" means a defendant knew of or should have discovered a dangerous condition by the exercise of reasonable care. Under the Scaffold Act (Ill. Rev. Stat. 1957, ch. 48, pars. 60 through 69), wilfully is synonymous with knowingly. *Kennerly v. Shell Oil Co.* (1958), 13 Ill. 2d 431, 150 N.E.2d 134.

■ However, this is not a Structural Work Act case. As *Davis* points out, the use of the terms "wilful" and "wanton" in landowner liability have long-standing application and there would seem to be no reason to turn to the Structural Work Act to arrive at a definition of "wilfulness" in this statute. Another consideration is that the Act is in derogation of the common law and therefore must be strictly construed. (*Forthenberry v. Franciscan Sisters Health Care Corp.* (1987), 156 Ill. App. 3d 634, 509 N.E.2d 166.) This is the basis for the *Davis* opinion. Had the legislature intended the same effect as the common law, there was no reason to utilize different language.

■ Furthermore, this court need not decide whether the facts as alleged in the complaint warrant awarding defendants judgment on the pleadings under the reasoning in *Davis*. The Act clearly makes an exception for wilful or malicious conduct. The plaintiffs attempt to state a cause of action which fits within the statutory exception. The alleged wilful or malicious conduct must be manifested in the facts alleged, and conclusory allegations or mere characterizations of alleged acts as wilful are not sufficient. (See *Loftus v. Mingo* (1987), 158 Ill. App. 3d 733, 511 N.E.2d 203.) While counts V and VI of plaintiffs' complaint should properly have been dismissed as conclusory, plaintiffs should have been afforded an opportunity to replead. For this reason, the judgment on the pleadings as to counts V and VI is reversed.

■ As to counts I through IV alleging negligence, plaintiffs suggest that Janet was there to socialize with Lorraine as well as collect insects. Certainly, collecting insects is a recreational activity as de-

fined under the statute. (Ill. Rev. Stat. 1985, ch. 70, par. 32(c) (nature study).) This is not disputed. Plaintiffs argue, however, that merely because she might also socialize with Lorraine the statute can be avoided.

Plaintiffs ask this court to look to the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*) and *respondeat superior* cases to consider the determination of when an individual is acting within the scope or course of his employment as an analogy to the instant case. Plaintiff argues that at some time while she was on the property her activity changed from insect collecting to socializing.

The key, however, is what the legislature intended. (*Johnson v. Stryker Corp.* (1979), 70 Ill. App. 3d 717, 388 N.E.2d 932.) Section 1 of the Act (Ill. Rev. Stat. 1985, ch. 70, par. 31) states:

> "The purpose of this Act is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes."

■ Here, plaintiff admittedly entered on the land for a recreational purpose. She did not depart from the land and then return later for a different purpose. Having entered upon the land for a recreational purpose, the landowner is relieved of liability, and the fact the plaintiff decided to engage in some additional activity while on the land does not avoid the effect of the statute. (See *Fisher v. United States* (D. Mont. 1982), 534 F. Supp. 514.) Therefore, the granting of judgment on the pleadings as to counts I though IV is affirmed.

For the foregoing reasons, the judgment of the circuit court of Macon County is affirmed in part, reversed in part, and remanded with directions to allow plaintiffs an opportunity to amend counts V and VI.

Affirmed in part; reversed in part and remanded.

LUND and STEIGMANN, JJ., concur.