SAMUEL F. KENNEDY, Plaintiff-Appellant, v. FIRST NATIONAL BANK OF MATTOON et al., Defendants-Appellees (James F. Reimer et al., Defendants).

Fourth District   No. 4—89—0526

Opinion filed February 15, 1990.—Modified on denial of rehearing April 5, 1990.

Duane D. Young, of Long, Rabin & Young, Ltd., of Springfield, for appellant.

Donald E. Brilley, of Brilley & Little, of Decatur, for appellee Bank of Findlay.

Dilsaver, Nelson & Winter-Black, of Mattoon, for appellee First National Bank of Mattoon.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff appeals a trial court order which dismissed counts II through VII of his first-amended complaint for failure to state a cause of action. Plaintiff argues the original and amended counts state valid causes of action. Additionally, he contends the trial court erred in denying his oral motion to further amend the counts.

We affirm in part, reverse in part, and remand.

On November 7, 1988, plaintiff filed a five-count complaint alleging First National Bank of Mattoon (FNB), the Bank of Findlay, Reimer Estates, Inc., Judith Reimer, and James Reimer (Reimers), violated the Consumer Fraud and Deceptive Business Practices Act (Act) (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*) by actions taken in connection with the assignment and attempted collection of a judgment debt in Coles County case No. 81—L—93. Supplemental proceedings were ongoing in that action at the time plaintiff filed the instant complaint. Count I of the complaint against FNB is still pending.

However, the trial court granted the Bank of Findlay's motion to dismiss as to counts II through V. Plaintiff amended those counts and added two additional counts. The trial court granted the Bank of Findlay's motion to dismiss the amended counts II through VII and dismissed them with prejudice.

In amended count II, plaintiff alleged he and the Reimers executed a promissory note in favor of FNB on November 6, 1978. The note promised to pay FNB $50,000 plus interest on May 5, 1979. The note and extensions to it were attached to the complaint as exhibit A and referred to in the amended complaint. Plaintiff alleged he was an accommodation maker and received no proceeds from the loan. The note and extensions to it show plaintiff signed as maker. On December 11, 1981, FNB obtained a judgment in Coles County case No. 81—L—93 against the Reimers and plaintiff. Plaintiff alleged a default judgment entered against him individually on March 30, 1982, and subsequently a default judgment was taken against the Reimers on August 16, 1982, for $55,878.26 plus costs.

Plaintiff further alleged the "makers" made payments on the note after the default judgments had entered. However, plaintiff had not made any payments.

Plaintiff alleged further that Champion Federal Savings and Loan Association and Mid-Illinois Service Corporation had become indebted to the Reimers in the amount of $150,000 due to Shelby County case No. 85—L—8. On November 12, 1986, FNB as a judgment creditor in Coles County case No. 81—L—93 garnished the Champion Federal Savings and Loan Association. On November 18, 1986, FNB in consideration of $50,000 assigned all right, title, and interest in the March 30, 1982, and August 16, 1982, judgments in Coles County case No. 81—L—93 to the Reimers' attorneys, Rosenberg, Rosenberg, Bickes, Johnson and Richardson. These attorneys represented the Reimers in both the Coles County and Shelby County actions.

In paragraph 17 of amended count II, plaintiff concluded the assignment of the March 30, 1982, and August 16, 1982, judgments to the Reimers' attorneys had the legal effect of assigning the judgment to the Reimers and extinguished the August 16, 1982, judgment. In paragraph 18, plaintiff further concluded that since the March 30, 1982, judgment against him was on the same indebtedness as the August 16, 1982, judgment, against the Reimers, which was satisfied by the effect of the November 18, 1986, assignment, the March 30, 1982, judgment was also satisfied and released.

Plaintiff further alleged that on November 26, 1986, FNB, acknowledging receipt of $50,000, assigned the judgments recovered in

Coles County case No. 81—L—93 to the Bank of Findlay. Plaintiff concluded the Bank of Findlay, to "induce" the Reimers to execute a promissory note and mortgage in its favor, used "deception, fraud, false pretenses, misrepresentation, and/or concealment, suppression, or omission" to cause the Reimers to believe the August 16, 1982, and March 30, 1982, judgments in Coles County case No. 81—L—93 were enforceable. On December 4, 1986, the Bank of Findlay in consideration of a note and mortgage in its favor released the August 16, 1982, judgment against the Reimers while reserving a right to enforce the March 30, 1982, judgment against plaintiff. The Bank of Findlay agreed to credit the Reimers' account with a portion of the monies collected from plaintiff.

In paragraph 23 of amended count II, plaintiff alleged the Bank of Findlay concealed from the Reimers the fact that the March 30, 1982, and August 16, 1982, judgments were not enforceable. In paragraph 24 of amended count II, plaintiff alleged the Bank of Findlay initiated proceedings to collect the judgment "though it was aware" the March 30, 1982, judgment was unenforceable. Plaintiff concluded the Bank of Findlay violated the Act by attempting to enforce an unenforceable judgment and using "deception, fraud, false pretenses, misrepresentation and/or concealment" of the unenforceability of the judgment with the intent that the Reimers and others would rely upon the concealment.

Plaintiff further alleged that he had to defend against the collection proceedings, was arrested in Texas, and has otherwise been harmed. Plaintiff sought $50,000 actual damages plus costs and $200,000 punitive damages from the Bank of Findlay.

In amended count III, plaintiff realleged amended count II and further alleged the Bank of Findlay and FNB "knowingly conspired" to collect money under judgments they knew were unenforceable. In amended count IV, plaintiff realleged amended count II and asserted the Bank of Findlay and the Reimers "knowingly conspired" to wrongfully collect under the March 30, 1982, judgment in violation of the Act.

In amended count V, based upon the allegations of amended count II, plaintiff alleged the Bank of Findlay "knowingly and improperly" used the legal process in an attempt to collect money under a judgment which it knew or should have known was unenforceable. In amended count VI, plaintiff, based upon the allegations of amended count II, alleged that the Bank of Findlay and FNB conspired to "improperly utilize the legal process" in an attempt to collect a money judgment which they knew or should have known was unenforceable.

In amended count VII, plaintiff alleged the Bank of Findlay and the Reimers conspired to improperly utilize the legal process in an attempt to collect money under a judgment they knew or should have known was satisfied and unenforceable.

■■ ■ In reviewing the propriety of a motion to dismiss a complaint for failure to state a cause of action, the well-pleaded factual matters in the complaint are accepted as true. Additionally, the court must assume the truth of all reasonable inferences from those facts. (*Loftus v. Mingo* (1987), 158 Ill. App. 3d 733, 511 N.E.2d 203; *Campbell v. Haiges* (1987), 152 Ill. App. 3d 246, 252, 504 N.E.2d 200, 204.) However, mere conclusions of law, argumentative matter, or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest are irrelevant. They must be disregarded by the court in ruling upon the motion to dismiss. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976; *Loftus*, 158 Ill. App. 3d 733, 511 N.E.2d 203; *Mlade v. Finley* (1983), 112 Ill. App. 3d 914, 918, 445 N.E.2d 1240, 1244.) Although pleadings should be liberally construed, a complaint which does not allege facts necessary to enable plaintiff to recover does not state a cause of action. (*Knox*, 88 Ill. 2d 407, 430 N.E.2d 976.) If, after deleting the conclusions that are pleaded, there are not sufficient allegations of fact which state a cause of action against the defendant, the motion must be granted regardless of how many conclusions the count may contain and regardless of whether they inform the defendant in a general way of the nature of the claim against him. *Knox*, 88 Ill. 2d at 426, 430 N.E.2d at 985.

■■ ■ Viewing amended count II absent the conclusions of law and fact, the count alleged a default judgment was entered against plaintiff on March 30, 1982, on a note which he signed with the Reimers. A separate judgment on the note was entered against the Reimers on August 16, 1982. FNB, the judgment creditor, assigned its interest in the judgments to the Reimers' attorneys. Subsequently, FNB reassigned its interest in the judgments to the Bank of Findlay, which brought enforcement proceedings against plaintiff. Plaintiff has alleged the Bank of Findlay knew of the invalidity and unenforceability of the note. Such an allegation is a statement of ultimate fact, not a conclusion as asserted by the Bank of Findlay and FNB. *Doner v. Phoenix Joint Stock Land Bank* (1942), 381 Ill. 106, 45 N.E.2d 20.

Section 2 of the Act makes unlawful engaging in:

"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepre-

sentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact." (Ill. Rev. Stat. 1987, ch. 121½, par. 262.)

The preamble of the Act states its purpose is to protect consumers, borrowers, and businessmen from fraud and unfair methods of competition. (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*) The Act is regulatory and remedial legislation intended to curb a variety of fraudulent abuses and provide a remedy to individuals injured by such abuses. (*Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279, 430 N.E.2d 1012.) The Act should be broadly construed. (*People ex rel. Hartigan v. Stianos* (1985), 131 Ill. App. 3d 575, 475 N.E.2d 1024.) At minimum, a complaint brought alleging a violation of the Act should set out factual allegations supporting activity in violation of the Act. Merely characterizing actions as unlawful or wrongful is insufficient. See generally *Salaymeh v. InterQual, Inc.* (1987), 155 Ill. App. 3d 1040, 1044, 508 N.E.2d 1155, 1158 (allegation of conspiracy insufficient).

█ Similarly, in amended counts III and IV, plaintiff's assertion that the Bank of Findlay, FNB, and the Reimers "knowingly conspired" to wrongfully collect the judgment in violation of the Act is sufficient to state a cause of action. A conspiracy is an agreement or combination of two or more people to do an unlawful act or do a lawful act by unlawful means. (*Salaymeh*, 155 Ill. App. 3d 1040, 508 N.E.2d 1155; *Daley v. G'Sell* (1981), 102 Ill. App. 3d 548, 430 N.E.2d 556.) Plaintiff has alleged sufficient factual matters which show the Bank of Findlay and the Reimers acted unlawfully.

█ Amended count V alleged the Bank of Findlay individually abused the legal process in attempting to collect a judgment which it knew was unenforceable. Two elements are necessary to state a cause of action for abuse of process. First, the defendant must have an ulterior purpose in using the legal process, and second, he must engage in the use of legal proceedings not proper in the regular course of the proceedings. (*Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962, 282 N.E.2d 452.) The mere institution of a proceeding is not an abuse of process. Plaintiff has not pleaded facts tending to establish an improper motive on the Bank of Findlay's part. Moreover, plaintiff stated the Bank of Findlay filed a citation to discover assets. Plaintiff also alleged he was arrested. However, plaintiff did not allege the actions were not proper in the regular course of supplemental proceedings to collect monies under the judgment. Plaintiff did not obtain leave of court to file amended counts VI and VII, and therefore, they

are not properly before this court. In addition, amended counts VI and VII fail to state causes of action.

■■ Plaintiff urges this court to consider the propriety of the trial court's dismissal of counts II through V of his original complaint. Plaintiff has waived review of the propriety of the dismissal of counts II through V, original complaint. Where an amendment is complete in itself and does not adopt the prior pleading, the earlier pleading ceases to be a part of the record and it in effect is abandoned and withdrawn. *Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 449 N.E.2d 125; *Bowman v. County of Lake* (1963), 29 Ill. 2d 268, 193 N.E.2d 833.

Plaintiff also argues the trial court erred in denying him leave to further amend the amended complaint. In connection with this issue, we address the Bank of Findlay's motion to supplement the record on appeal. On October 29, 1989, the Bank of Findlay filed an amended motion to supplement the record on appeal with a partial transcript of the argument on its motion to dismiss the amended counts of the complaint. This court took the motion with the case on October 30, 1989. The report of proceedings is necessary to a resolution of the instant issue. Therefore, we allow the motion.

■■ The proceedings show plaintiff made an oral motion to further amend the amended complaint. The trial court denied the motion. Plaintiff now argues the trial court abused its discretion in denying him leave to further amend. The plaintiff's proposed amendment does not appear in the record. His failure to make it a part of the record waives his right to have this court review the propriety of the trial court's denial of the motion. *Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 521, 513 N.E.2d 387, 394.

For the above reasons, we affirm the dismissal of amended counts V, VI, and VII, but reverse the dismissal of amended counts II, III, and IV.

Affirmed in part; reversed in part, and remanded.

KNECHT, P.J., and GREEN, J., concur.