LAW OFFICES OF WILLIAM J. STOGSDILL, Plaintiff-Appellant, v. CRAGIN FEDERAL BANK FOR SAVINGS, Defendant-Appellee.

Second District    No. 2—94—0450

Opinion filed January 10, 1995.

Douglas Drenk and David Drenk, both of Douglas Drenk & Associates, P.C., of Wheaton, for appellant.

Michael R. Kolloway and Kevin W. Horan, both of Rock, Fusco, Reynolds & Garvey, of Chicago, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, the Law Offices of William J. Stogsdill, P.C., sued defendant, Cragin Federal Bank for Savings (the bank), for losses incurred when the bank allegedly paid unauthorized checks drawn by plaintiff's bookkeeper for her own use. Plaintiff's fifth amended complaint included count III, which alleged that the bank violated the Consumer Fraud and Deceptive Business Practices Act (the Act) (815 ILCS 505/1 *et seq.* (West 1992)). The trial court dismissed count III for failure to state a cause of action. Plaintiff appeals, contending that the court erred in implicitly finding that the Act does not apply to banking practices. We reverse and remand.

Plaintiff's fifth amended complaint alleged that the parties entered into an agreement whereby plaintiff opened two checking accounts at the bank. Defendant represented that it would keep the funds deposited by plaintiff secure, would pay checks drawn on these accounts to the person designated as the payee, and would act according to general banking usage in consideration for plaintiff depositing funds in these accounts. Plaintiff used these two accounts as client trust accounts.

Plaintiff further alleged that from May 1986 through July 1989 its employee, Peggy Abel, negotiated numerous checks drawn on the client trust accounts, which were made payable to plaintiff, and made numerous cash withdrawals from the accounts. In all, Abel obtained more than $115,000 for her own benefit from the accounts. Several of the bank's employees knew Abel personally and knew that she often deposited and withdrew large amounts of cash during a single transaction, often on Saturdays. Abel told the employees that the money was needed for petty cash. Finally, sometime prior to August 1989, Abel persuaded the bank to mail the statements for the accounts to her home address.

In August 1989, plaintiff discovered Abel's unauthorized transactions and notified the bank. Plaintiff demanded that the bank replenish its accounts or reimburse plaintiff for the funds, but the bank refused. Plaintiff then commenced this action.

After numerous pleadings and motions, plaintiff filed its fifth amended complaint. Count I alleged a breach of contract. Count II alleged a breach of the bank's duty pursuant to the Fiduciary Obligations Act (760 ILCS 65/1 *et seq.* (West 1992)). Count III alleged that the bank's conduct violated the Act.

The bank filed a motion to dismiss. It contended that the Act

does not apply to "banking practices." Alternatively, the bank argued that the Act did not apply to disputes between businessmen who were not consumers of each other's services and did not cover a simple breach of a private contract. Without stating its reasons, the court dismissed count III. Later, the court found that there was no just reason to delay enforcement or appeal of its order dismissing that count. (See Official Reports Advance Sheet No. 26 (December 22, 1993), R. 304(a), eff. February 1, 1994.) Plaintiff perfected this appeal.

■ The purpose of the Act is to protect consumers, borrowers, and businessmen from fraud and unfair methods of competition. (*Kennedy v. First National Bank* (1990), 194 Ill. App. 3d 1004, 1010.) It is to be liberally construed. *Kennedy*, 194 Ill. App. 3d at 1010.

Plaintiff contends that the court erred in dismissing count III and holding that the Act has no potential application to this situation. Defendant first responds that the court correctly held that the Act does not apply to banking practices.

Defendant does not define "banking practices." The only Illinois case defendant cites in support of its contention is *In re Estate of Szorek* (1990), 194 Ill. App. 3d 750, where the court stated, "The Act, however, does not apply to banking practices, but rather protects a consumer who purchases merchandise or home improvement services for his own use." (*Szorek*, 194 Ill. App. 3d at 755.) In *Szorek*, the plaintiff appealed an award of attorney fees to the defendant bank in an action to recover deposited funds under a right of survivorship. (*Szorek*, 194 Ill. App. 3d at 753.) We note that the Appellate Court, First District, neither cited authority in support of this restrictive reading of the Act, nor engaged in any extended analysis of the issue.

Furthermore, the statement appears to be *dictum*. Scrutinizing the complaint, the court found that it did not state a cause of action, because the signature card involved set forth the terms of the parties' agreement, including the disputed attorney fee provision. (*Szorek*, 194 Ill. App. 3d at 756.) Thus, the court resolved the dispute without regard to the Act.

The *dictum* in *Szorek* is not supported by the clear language of the Act. The Act prohibits

> "[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact *** in the conduct of *any trade or commerce* ***." (Emphasis added.) (815 ILCS 505/2 (West 1992).)

The Act defines "trade" and "commerce" as the "advertising, offering for sale, sale, or distribution of any services." (815 ILCS 505/1(f)

(West 1992).) Nothing in the Act specifically excludes banking from the definitions of trade and commerce.

■ Several courts have held the Act to be applicable to activities which would generally be considered to be banking practices. (See *Kennedy*, 194 Ill. App. 3d 1004 (bank attempted to enforce allegedly void judgment); *Mid-America National Bank v. First Savings & Loan Association* (1987), 161 Ill. App. 3d 531 (mortgage lending); *Exchange National Bank v. Farm Bureau Life Insurance Co.* (1982), 108 Ill. App. 3d 212 (mortgage lending); *Fineman v. Citicorp* (1985), 137 Ill. App. 3d 1035 (travel insurance sold by bank).) We fail to see why the Act applies to these banking practices, but not to other activities which banks engage in, such as the opening and maintenance of a checking account.

Defendant points out that the Act provides that the Federal Trade Commission Act should be consulted as persuasive authority in doubtful cases. (815 ILCS 505/2 (West 1992).) Defendant contends that banks are exempt from Federal Trade Commission regulations, but instead are regulated by separate agencies. Defendant contends that this evinces a legislative intention that the Act should not be applied to banks. We fail to appreciate this distinction. Because banks are regulated by different Federal agencies than other types of businesses does not lead inexorably to the conclusion that they are not subject to liability under the Illinois Act. We hold that the Act may in a proper case apply to banking practices.

■ Defendant further contends, however, that the Act does not apply to disputes between businessmen in which neither is a consumer of the other's services, citing *Century Universal Enterprises, Inc. v. Triana Development Corp.* (1987), 158 Ill. App. 3d 182. The parties in *Century Universal* were parties to a joint venture. The court held that the joint venturers were not consumers of each other's services, but were to be treated as partners. *Century Universal*, 158 Ill. App. 3d at 199.

By contrast, in this case, plaintiff clearly alleges that it was a consumer of defendant's banking services. The Act defines "consumer" as any person who purchases merchandise not for resale in the ordinary course of his business. (815 ILCS 505/1(e) (West 1992).) "[M]erchandise" includes services. (815 ILCS 505/1(b) (West 1992).) "[P]erson" includes a partnership, corporation, or business entity. (815 ILCS 505/1(c) (West 1992).) Thus, plaintiff fits the broad statutory definition of a consumer. The fact that both parties to the transaction are business entities does not render the Act inapplicable.

■ Defendant finally contends that the Act was not intended to cover a situation involving a simple breach of contract. Every indi-

vidual breach of contract between two parties does not amount to a cause of action under the Act. (*Golembiewski v. Hallberg Insurance Agency, Inc.* (1994), 262 Ill. App. 3d 1082, 1093; *Bankier v. First Federal Savings & Loan Association* (1992), 225 Ill. App. 3d 864, 874.) While we agree with this statement of the law, we recognize that the distinction is not so easily applied in practice.

We agree that plaintiff's fifth amended complaint fails to allege sufficient facts to state a claim under the Act. However, we do not agree that plaintiff could never allege facts which would entitle it to recover. We note that count III in the fifth amended complaint was plaintiff's first attempt to state a cause of action under the Act. The trial court dismissed count III with prejudice, apparently in the belief that the Act did not apply to banking practices. In doing so, the court abused its discretion.

Amendments to pleadings should be liberally allowed, unless an opposing party would be prejudiced as a result. (*Bank of Northern Illinois v. Nugent* (1991), 223 Ill. App. 3d 1, 13.) A court's decision to allow an amendment will not be disturbed absent an abuse of discretion. (*Nugent*, 223 Ill. App. 3d at 13.) In *Nugent*, this court held that the trial court abused its discretion in denying leave to amend a complaint where the complaint's sufficiency had been considered only once, and it was not clear that the defect could not be cured. (*Nugent*, 223 Ill. App. 3d at 13.) Given our conclusion that the Act potentially applies to banking practices, and the fact that the sufficiency of count III was considered only once, we believe plaintiff should be given an opportunity to amend this count.

For the foregoing reasons, the order of the circuit court of Du Page County dismissing count III of plaintiff's complaint is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McLAREN, P.J., and GEIGER, J., concur.